J-A21036-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                              :           PENNSYLVANIA
              Appellee       :
                                                :
            v.                :
                                                :
KELTON PRILLERMAN,          :
                                              :
             Appellant     :
                                              :           No. 2096 EDA 2013

Appeal from the Judgment of Sentence Entered July 18, 2013,
In the Court of Common Pleas of Bucks County,
Criminal Division, at No(s): CP-09-CR-0000825-2013

BEFORE:  BOWES, OTT and STRASSBURGER*, JJ.

MEMORANDUM BY: STRASSBURGER, J.:       **FILED AUGUST 27, 2014**

Appellant, Kelton Prillerman, appeals *pro se* from the judgment of sentence entered July 18, 2013, following his convictions for driving under the influence of a controlled substance (DUI), registration card to be signed and exhibited on demand, and general lighting requirements.[1]  We affirm.

On November 18, 2012, Appellant was arrested and charged with, *inter alia*, the aforementioned offenses.[2]  Appellant's case proceeded to a bench trial on July 18, 2013. On the day of trial, Appellant appeared *pro se*

---

[1] 75 Pa.C.S. §§ 3802(d)(2), 1331(b), and 4303(b), respectively.

[2] A third summary offense, operating a vehicle without required financial responsibility, 75 Pa.C.S. § 1786(f), was dismissed at Appellant's preliminary hearing. N.T., 7/18/2013, at 14-16.

---

* Retired Senior Judge assigned to the Superior Court.

and explained to the court that he wished to represent himself as he did not qualify for the services of a public defender. N.T., 7/18/2013, at 6. Following a lengthy colloquy on the record by the trial court, Appellant waived his right to counsel and the case proceeded to trial. *Id.* at 3-14. Appellant was convicted of all counts and was sentenced to not less than seventy-two hours nor more than six months of incarceration at the DUI charge. Appellant was also sentenced to pay the costs of prosecution and an aggregate fine of $1050, and to complete alcohol highway safety classes.

Appellant timely filed a notice of appeal. By order dated July 23, 2013, Appellant was directed to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. He failed to do so. However, on September 12, 2013, Appellant mailed a letter to the trial court listing five issues, "Denial; substantive due process," "Denial of a complete defense," "Jurisdiction," "Abuse of discretion," and "Fraud," that he wished to raise "to some degree" on appeal.[3] Appellant's letter 9/13/2013. The letter also appeared to include vague challenges to timely discovery disclosure, the lack of a jury trial, and an alleged impermissible burden shift that occurred following trial. *Id.* The trial court issued a 1925(a) opinion on October 23, 2013. This appeal followed.

Before we address Appellant's claims on the merits, we must determine whether the claims were properly preserved for our review. The

---

[3] The record reflects that Appellant's letter was docketed the same day.

trial court determined that Appellant waived all of his claims by filing his 1925(b) statement late without good cause. Trial Court Opinion, 10/23/2013, at 1.[4]  We agree.

It is well-settled that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) (citations omitted). "Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Id**. With respect to Rule 1925(b), "[o]ur jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered[.]" **Commonwealth v. Hill,** 16 A.3d 484, 494 (Pa. 2011) (internal footnotes omitted).  Instantly, Appellant failed to comply with the trial court's order.  Thus, his claims are waived.

Moreover, we agree with the trial court that Appellant has also waived his claims as the result of his failure to identify the issues he sought to raise on appeal with any degree of specificity in his untimely 1925(b) statement.

---

[4] In its 1925(a) opinion, the trial court also indicated that Appellant's appeal suffered "a third fatal procedural defect" in that Appellant failed to order the transcripts necessary to dispose of his claims in violation of Pa.R.A.P. 1911(a).  Trial Court Opinion, 10/23/2013, at 2-3.  The record reflects that the Commonwealth ordered the trial transcript and a copy is included in the certified record; we nonetheless agree with the position of the trial court that Appellant's failure to comply with the Appellate Rules is grounds for dismissal of his appeal. Pa.R.A.P. 1911(d).

*Commonwealth v. Heggins*, 809 A.2d 908 (Pa. Super. 2002) (holding that a concise statement of matters complained of on appeal which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all).

Finally, we note that, in the alternative, even if Appellant's claims had been preserved properly, we would have grounds to dismiss this appeal due to Appellant's failure to comply with Pa.R.A.P. 2116 and 2119. Most significantly, Appellant's argument section is incoherent such that there is no discernible legal argument for our analysis. Rule 2101 grants us the authority to dismiss an appeal when the defects in a brief are substantial. The fact that Appellant is *pro se* does not excuse his complete failure to comply with the Rules of Appellate Procedure, nor does it entitle him to have this Court advocate on his behalf. *Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996) ("When issues are not properly raised and developed in briefs, [and] when the briefs are wholly inadequate to present specific issues for review[, this] Court will not consider the merits thereof.").

For all of the foregoing reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

J-A21036-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2014