J. A34011/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

CHRISTOPHER P. CULLEN     :     IN THE SUPERIOR COURT OF
                    :             PENNSYLVANIA
           v.            :
                    :
ROBERT BOLUS D/B/A BOLUS TRUCKS, :        No. 843 MDA 2014
                    :
        Appellant       :

Appeal from the Order Entered April 17, 2014,
in the Court of Common Pleas of Lackawanna County
Civil Division at No. 2012 CV 4510

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STABILE, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED FEBRUARY 12, 2015**

Appellant, Robert Bolus d/b/a Bolus Trucks, files this ***pro se*** appeal from the order entered in the Lackawanna County Court of Common Pleas, which found him to be in criminal contempt.  We dismiss this appeal.

At the outset, we observe it is well established that "[a]lthough this Court is willing to liberally construe materials filed by a ***pro se*** litigant, ***pro se*** status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa.Super. 2005), citing ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa.Super. 2003), ***appeal denied***, 879 A.2d 782 (Pa. 2005).  "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Id.***, citing ***Commonwealth v. Rivera***, 685 A.2d 1011 (Pa.Super. 1996).

It appears appellant's argument centers on the default judgment entered against Robert Bolus d/b/a/ Bolus Trucks on June 12, 2012, in the amount of $8,148 for failure to pay for services rendered to appellant by his attorney, appellee, Christopher P. Cullen, Esq. ("Cullen"). On July 25, 2012, Cullen recorded the entry of the judgment in the Court of Common Pleas of Lackawanna County. According to appellant, "the judgment entered at the Common Pleas level is not the judgment entered at the Magisterial level. The Common Pleas judgment adds a party, namely, Robert C. Bolus, individually." (Appellant's brief at 7.)

Appellant filed a *pro se* notice of appeal on July 11, 2012, to the Court of Common Pleas. However, on July 25, 2012, pursuant to Pa.R.C.P.D.J. No. 1006,[1] Cullen filed a praecipe to strike appellant's appeal for failure to comply with Pa.R.C.P.D.J. No. 1005(B).[2] Approximately ten months later,

---

[1] Pa.R.C.P.D.J. 1006 reads as follows:

**1006. Striking Appeal**

Upon failure of the appellant to comply with Rule 1004A or Rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown.

[2] Pa.R.C.P.D.J. 1005(B) reads as follows:

(B).   The appellant shall file with the prothonotary proof of service of copies of his notice of appeal, and proof of service of a rule upon the appellee to file a complaint if required to request such a rule by Rule 1004B, within 10 days after filing the notice of appeal.

on May 24, 2013, the trial court entered the following order: "And Now, this 24th day of May 2013, upon consideration of Appellant's Motion for Reinstatement of Appeal, Appellee's response thereto, and Appellant's failure to appear for argument, it is hereby ORDERED and DECREED that Appellant's Motion for reinstatement of Appeal is DENIED." Appellant failed to appeal that order to this court.

On October 7, 2013, in an attempt to satisfy his judgment, Cullen served interrogatories in aid of execution and a request for the production of documents on appellant. Appellant failed to file a timely answer which led to Cullen filing a motion to compel answers to his discovery requests. An order was entered on November 21, 2013, directing appellant to answer the interrogatories. On December 23, 2013, Cullen filed a petition for civil contempt and an order was entered issuing a rule to show cause why appellant should not be held in contempt of court for failing to obey the November 21st order. A hearing was held on February 18, 2014, at which both parties appeared. At the conclusion of the hearing, an order was entered granting Cullen's petition and setting a hearing for April 16, 2014; appellant was also ordered to answer the interrogatories within 20 days.

At the April 16, 2014 hearing, appellant was found in contempt and sentenced to six months' incarceration for failing to comply with the February 18, 2014 order. On April 24, 2014, appellant satisfied the

judgment and paid Cullen the amount of $8,648.[3] Cullen filed a praecipe for satisfaction of judgment on April 25, 2014. Appellant next filed this notice of appeal. It does not appear that the trial court ordered appellant to file a Rule 1925(b) statement nor do we have a trial court opinion. Appellant raises one issue: "Whether the Magisterial judgment entered in the Lackawanna County Clerk of Judicial records was defective, because it added a party to the action, namely Robert C. Bolus, Sr., individually, when the Magisterial judgment was never entered against Robert C. Bolus, Sr., individually." (Appellant's brief at 2.)

Appellant cannot now, in this appeal from a finding of contempt, present complaints regarding the docketing of the default judgment. Appellant had 30 days from the trial court's May 24, 2013 order to file an appeal with this court to contest the entry of the default judgment. *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after entry of order from which appeal is taken). He did not do so; consequently, we dismiss the instant appeal.

Appeal dismissed.

---

[3] An additional $500 in attorney's fees was tacked on to the original

J. A34011/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2015

---

judgment by the court's February 18, 2014 order.