J-A33035-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HOP ENERGY, LLC D/B/A<br>HOP FLEET FUELING, | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| S.F. SERVICES, INC. AND<br>CAROLYN L. BERTINO, | : | |
| | : | |
| Appellants | : | No. 944 EDA 2015 |

Appeal from the Order Entered March 4, 2015,
in the Court of Common Pleas of Montgomery County,
Civil Division at No(s): 2012-24374

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 05, 2016**

S.F. Services, Inc., and Carolyn L. Bertino (collectively, Appellants) appeal from the March 4, 2015 order granting the motion to break and enter filed by Appellee HOP Energy, LLC d/b/a HOP Fleet Fueling.  Upon review, we dismiss the appeal.

On September 11, 2012, HOP Energy filed a complaint against Appellants raising a claim for breach of contract and seeking judgment in the amount of $42,240.58, plus interest and attorneys' fees.  On July 15, 2013, a praecipe to enter stipulation for judgment was filed, and judgment was entered on behalf of HOP Energy.

On May 6, 2014, a writ of execution was entered by the Montgomery County Prothonotary directing the Montgomery County Sheriff to levy upon

---

* Retired Senior Judge assigned to the Superior Court.

the property of Appellants to satisfy the judgment. On June 4, 2014, two orders for service, one for each named defendant, were issued by the prothonotary to the same address: 20 Meredith Road, Phoenixville, Pennsylvania. Service on both orders was refused. On August 12, 2014, the writ of execution marked "levy abandoned" was filed.

On August 23, 2014, HOP Energy filed a motion seeking an order to break and enter, requesting that the trial court permit the Montgomery County Sheriff's Department to enter onto Appellant Bertino's property to levy the property, make inventory, and, if necessary, proceed with a sheriff's sale. On September 26, 2014, Appellants filed an answer. On March 4, 2015, following a hearing on the issue, the trial court granted HOP Energy's motion. This timely appeal followed.

Upon our review of Appellants' *pro se* brief, we find it to be patently defective, as it fails in numerous respects to comport with Pa.R.A.P. 2111 through 2119. Specifically, Appellants have failed to include in their brief a statement of jurisdiction, a statement of questions involved, a statement of the case, a summary of the argument, or an argument section. Pa.R.A.P. 2111(a). Moreover, Appellants' argument, such that it is, is incoherent and fails to provide meaningful citation to either relevant authority or the certified record.

Rule 2101 grants us the authority to dismiss an appeal when the defects in a brief are substantial. Pa.R.A.P. 2101. The fact that Appellants

are proceeding *pro se* does not excuse the complete failure to comply with the Rules of Appellate Procedure. While "this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). Nor does it entitle one to have this Court advocate on his or her behalf. ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996). "When issues are not properly raised and developed in briefs, [and] when the briefs are wholly inadequate to present specific issues for review[, this] Court will not consider the merits thereof." ***Id.*** (citation omitted).

Accordingly, because Appellants have failed to comply substantially with the relevant Rules of Appellate Procedure, we dismiss the instant appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2016

- 3 -