J-A19036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| HAROLD KEMMERER | |
| Appellant | No. 3832 EDA 2015 |

Appeal from the Order November 19, 2015
in the Court of Common Pleas of Lehigh County Criminal Division
at No(s):CP-39-CR-0000200-1987
CP-39-SA-0000108-1995
CP-39-SA-0000358-2006
CP-39-SA-0000378-2011

BEFORE: FORD-ELLIOTT, P.J.E., OTT, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED JULY 08, 2016**

*Pro se* Appellant, Harold Kemmerer, appeals from the order entered in the Lehigh County Court of Common Pleas for payment of costs, fines and/or restitution owed to the Lehigh County Bureau of Collections.  We quash.

The facts are unnecessary for our disposition.

> [I]t is an appellant's duty to present arguments that are sufficiently developed for our review.  The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities.  Citations to authorities must articulate the principles for which they are cited.

---

[*] Former Justice specially assigned to the Superior Court.

> This Court will not act as counsel and will not develop arguments on behalf of an appellant.
>
> * * *
>
> The appellate brief is the most vital tool in any effort to obtain relief on appeal.
>
> * * *
>
> Appellate mandates are not hyper-technical. They are designed to foster the uniform consideration of the substantive issues in all cases.

*Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted). "While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training." *Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996) (citation omitted).

We reproduce the argument section of Appellant's brief verbatim.

Argument for Appellant Kemmerer

> The Trial Court Erred by Not interpreting the issues at hand related to the facts
> The fact of the matter is I have proof that the
> Case No's 200/1987 CR
>            358/2006SA
>            108/1995SA
> Were paid and the matter should have been closed.
>
> Copy the Lehigh Court House sent me indicating monies owed is incorrect and should be corrected.
>
> The Trial Court erred by not allowing me my constitutional rights to be heard and to present my witnesses.
>
> Also, Judge Maria Dantos should have rescheduled the case if she was stressed out from the morning cases, not

tell me I heard enough today and I should appeal her decision.

Argument for Appellant Kemmerer

The Trial Court Erred by prohibiting me from presenting my case

The Trial Court should have allowed me to present my witnesses relevant to the case.

The Trial Court should have reviewed the docket sheet closer and would have realized they counted the court costs twice for the same case. Therefore adding to the incorrect amount owed.

Appellant's Brief at 5-6.

In this case, Appellant's brief lacks pertinent analysis and citation to applicable legal authority. *See Kane*, 10 A.3d at 331. Although we construe Appellant's *pro se* brief liberally, *see Rivera*, 685 A.2d at 1013, we are barred from acting as his counsel and developing his arguments for him. *See Kane*, 10 A.3d at 331. Accordingly, we quash.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016

- 3 -