J-A13032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK NELLOM | : | |
| | : | |
| Appellant | : | No. 2179 EDA 2016 |

Appeal from the Judgment of Sentence June 20, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001043-2016

BEFORE: LAZARUS, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 31, 2017**

Appellant, Frank Nellom, appeals *pro se* from the judgment of sentence entered in the Delaware County Court of Common Pleas following his jury trial conviction of simple assault.[1]  We dismiss the appeal.

The relevant facts and procedural history of this appeal are as follows. On December 22, 2015, Appellant was arrested following a domestic violence incident with his girlfriend.  Appellant was subsequently charged with aggravated assault, simple assault, and terroristic threats.  Prior to trial, Appellant expressed an interest in representing himself; therefore, the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701(a).

trial court conducted a hearing on March 29, 2016, in which it determined Appellant knowingly, intelligently and voluntarily waived his right to counsel pursuant to Pa.R.Crim.P. 121. Appellant thus proceeded to trial *pro se* with stand-by counsel. On May 5, 2016, a jury found Appellant guilty of simple assault. Before trial concluded, Appellant orally requested a motion for judgment of acquittal notwithstanding the verdict, which the court denied.

The trial court sentenced Appellant on June 20, 2016, to eight to twenty-three months' county imprisonment. Appellant timely filed a *pro se* motion for reconsideration, which the court denied on June 28, 2016. Appellant timely filed a notice of appeal *pro se* on July 7, 2016. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied *pro se*.

Appellant raises the following issue *pro se*:

> [Was Appellant's] guilty verdict . . . rendered in violation of the trial court's self[-]defense charging order that demanded the jury either find [Appellant] guilty or acquit him of all three charges[?]

Appellant's Brief at 8.

It is well settled that while a *pro se* litigant is granted the same rights, privileges, and considerations as those accorded a party represented by counsel, *pro se* status does not entitle an appellant to any particular advantage because the appellant lacks legal training. ***See Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996). An appellant has a duty to file a comprehensible brief and to raise and develop his issues sufficiently

- 2 -

for appellate review. **See Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007). Accordingly, "a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) (citation omitted). This Court may quash or dismiss an appeal if an appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2101.

Instantly, Appellant's *pro se* brief has failed to include any argument pertaining to his question presented on appeal. Rather, Appellant's argument section merely recites his employment and criminal background. **See** Appellant's Brief at 9-10. Thus, as Appellant's brief fails to develop any actual argument, let alone provide citations to authorities or references to the record, we are constrained to dismiss his appeal.[2] **See** Pa.R.A.P. 2101, 2119(a)-(c).

Appeal dismissed.

---

[2] Even if we were to infer that Appellant intended to argue that his acquittal on the charges of terroristic threats and aggravated assault requires that his simple assault conviction be overturned as inconsistent given his claim of self-defense, no relief would be due. **See Commonwealth v. Moore**, 103 A.3d 1240, 1244 (Pa. 2014) ("[T]his Court has repeatedly held that an inconsistent verdict does not by itself render evidence insufficient to sustain a particular conviction, and that a jury's acquittal on a charge may not be interpreted as a specific finding in relation to the evidence." (citation and quotation marks omitted)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/31/2017