J-S55017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| EMEKA KINGSLEY OGUEJIOFOR | : | |
| Appellant | : | No. 27 MDA 2017 |

Appeal from the Judgment of Sentence November 28, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-SA-0000173-2016

BEFORE:   DUBOW, J., RANSOM, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY RANSOM, J.:            **FILED SEPTEMBER 14, 2017**

Appellant, Emeka Kingsley Oguejiofor, appeals *pro se* from the judgment of sentence of $2,140.00, imposed November 28, 2016, following his failure to appear at a summary hearing resulting in his conviction for unprofessional conduct/incompetency in connection with the sale of an automobile and failure to pay over taxes or fees to the Commonwealth.[1]  We affirm.

The Commonwealth filed charges against Appellant arising out of his failure to pay state taxes related to an automobile registration.  Appellant failed to appear for the municipal court hearing and was found guilty of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Respectively, 63 Pa.C.S. §§ 818.19(7), 818.19(25).

charges in abstentia on August 18, 2016.

On September 16, 2016, Appellant timely filed a notice of appeal to the Court of Common Pleas of Dauphin County. A summary appeal hearing was scheduled for November 28, 2016. Following Appellant's failure to appear for the summary appeal hearing, the court upheld the lower court's decision. *See* Order, 11/28/2016. Appellant was sentenced to pay $2,140.00. *Id.* According to the order, failure to pay within thirty days could result in the issuance of a warrant for Appellant's arrest. *Id.*

On December 28, 2016, Appellant timely filed a notice of appeal to this Court. Thereafter, the court issued a concise statement order pursuant to Pa.R.A.P. 1925(b), directing Appellant to file a statement of matters complained of on appeal within twenty-one (21) days. *See* Order, 1/13/2017. Appellant failed to comply with this order. Thereafter, the trial court filed a statement noting Appellant's noncompliance. *See* Trial Ct. Stmt., 3/1/2017. The trial court deemed any issues raised by Appellant on appeal waived due to Appellant's failure to file a concise statement. *See id.* at 1 (citing *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (reaffirming "the bright line rule first set forth in [*Commonwealth v.*] *Lord*[, 719 A.2d 306 (Pa. 1998)). The Commonwealth also urges this Court to find that Appellant's failure to file a concise statement and an appellate brief in conformity with the Rules of Appellate Procedure render any issues raised waived on appeal. *See* Commonwealth's Br. at 3-5.

While this Court is willing to liberally construe materials filed by a *pro se* litigant, we note that Appellant is not entitled to any particular advantage because he lacks legal training. ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996). In ***Castillo***, the Pennsylvania Supreme Court disapproved of the intermediate courts creating exceptions to ***Lord*** and its progeny:

> "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."

***Castillo***, 888 A.2d at 780 (quoting ***Lord***, 719 A.2d at 309).

The record confirms that the written order was docketed and Appellant received written notice of the order via certified mail on January 17, 2017. Therefore, any issues presented are deemed waived due to Appellant's failure to file a timely court-ordered Pa.R.A.P. 1925(b) statement. ***See Lord***, 719 A.2d at 309. Accordingly, we do not reach the merits of Appellant's argument.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2017

- 3 -