685 A.2d 1011

## COMMONWEALTH of Pennsylvania

v.

## Luis RIVERA, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 26, 1996.

Filed Nov. 18, 1996.

452

Luis Rivera, pro se.

Eric J. Fabrizio, Assistant District Attorney, Reading for Commonwealth, appellee.

Before TAMILIA, SAYLOR and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

Appellant, Luis Rivera, Jr., appeals from the order of the Court of Common Pleas of Berks County denying his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.* We quash this appeal.

On October 12, 1994, appellant pled guilty to second-degree murder,[1] robbery,[2] conspiracy to commit robbery,[3] and former convict not to own a firearm.[4] These charges stemmed from a

1. 18 Pa.C.S.A. § 2502(b).

2. 18 Pa.C.S.A. § 3701(a)(1)(i).

3. 18 Pa.C.S.A. § 903(a)(1)(2).

4. 18 Pa.C.S.A. § 6105.

December 13, 1993, incident in which appellant shot and killed Jose Caballero, the owner of the Miracle Grocery Store, during a robbery involving appellant as well as his father, Jose Rivera, Sr., and two other individuals. Also on October 12, 1994, appellant pled guilty to first-degree murder[5] and conspiracy to commit aggravated assault[6] for his involvement in the killing of Adan Ramirez–Garcia. These charges arose from an incident, unrelated to the Caballero matter, which took place on November 24, 1993. In both pleas, appellant was represented by Maurice D. Stone, Esquire.

Following the imposition of sentence, appellant failed to file a direct appeal. Instead, on February 10, 1995, appellant filed a *pro se* PCRA petition for the Ramirez–Garcia case. William C. Bispels, Esquire, was appointed to represent appellant in his collateral attack. Attorney Bispels later requested and was permitted to withdraw pursuant to *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988). Again, appellant did not seek our review of this decision.

Subsequently, appellant filed another *pro se* PCRA petition on February 8, 1996. In this petition, appellant challenged the stewardship of Attorney Stone in his representation of appellant in the Caballero case. Since appellant included the case number for the Ramirez–Garcia case on the petition also, the lower court treated this PCRA petition as appellant's first for the Caballero case and his second for the Ramirez–Garcia case. On February 14, 1996, the trial judge appointed Martin P. Dorminy, Esquire, to represent appellant in only the Caballero portion of this petition. Subsequently, Attorney Dorminy requested permission to withdraw pursuant to *Finley*, supra. Also on February 14, 1996, the trial judge filed a Notice of Intent to Dismiss the Ramirez–Garcia portion of appellant's petition without a hearing. Following appellant's failure to respond to this notice, the trial judge entered an order dated February 26, 1996, wherein he dismissed this portion of the PCRA petition. On March 20, 1996, appellant filed a notice of appeal from this order. On the notice of

5. 18 Pa.C.S.A. § 2502(a).

6. 18 Pa.C.S.A. § 903(a)(1)(2).

appeal, appellant also listed the Caballero case number despite the fact that the trial judge had not taken any action on either the Caballero portion of the PCRA petition or counsel's motion to withdraw from representation in such.[7]  On May 31, 1996, the trial judge filed a Notice of Intent to Dismiss the Caballero portion without a hearing.  Following appellant's failure to respond, this portion of the PCRA petition was dismissed on June 10, 1996.  Appellant did not file a notice of appeal following this order.

At the outset, we note that the above facts and procedural history have been gathered from our review of the record and the brief filed by the Commonwealth.  While appellant has filed what he professes to be an appellate brief to this Court, we find that it is woefully inadequate.

█ The Pennsylvania Rules of Appellate Procedure provide the following guidelines regarding the content of an appellant's brief:

**Rule 2111.  Brief of the Appellant.**

(a) **General Rule.**  The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of the questions involved.

(4) Statement of the case.

(5) Summary of the argument.

(6) Argument for the appellant.

(7) A short conclusion stating the relief sought. . . .

Pa.R.A.P., Rule 2111.

Additionally, Pa.R.A.P., Rule 3518 states that "[t]he brief of the appellant shall include . . . a statement of the scope and

---

7.  Accordingly, in his March 29, 1996, opinion prepared pursuant to Pa.R.A.P., Rule 1925(a), the trial judge specifically noted that the Ramirez–Garcia portion of the PCRA petition was the only one subject to appeal.

standard of review for each contention. The statement shall be separately and distinctly entitled and set forth following the statement of jurisdiction." Initially, we note that appellant has failed to provide us with a statement of the scope and standard of review. Moreover, appellant's brief does not specify which order or determination he seeks to be reviewed. Appellant has, therefore, clearly violated Pa.R.A.P., Rule 2115(a) which requires that "[t]he text of the order or other determination from which an appeal has been taken or which is otherwise sought to be reviewed shall be set forth verbatim immediately following the statement of jurisdiction." Appellant's one and one-half-page statement of the case and procedural history contains misrepresentations and also omits material facts. Certainly, due to the complexity of the procedural history of this case, a complete and accurate statement of the case would have been helpful in providing us with "all the facts which are necessary to be known in order to determine the points in controversy." Pa.R.A.P., Rule 2117(a)(4). Finally, we note that appellant's brief is also devoid of both a summary of the argument in violation of Pa.R.A.P., Rule 2118 and a copy of the lower court opinion in violation of Pa.R.A.P., Rule 2111(b).

Clearly, appellant's brief flagrantly ignores the Rules of Appellate Procedure. As a result, the brief does not allow us to clearly define what exactly appellant's point of controversy is. Quite simply, appellant has failed to provide us with a brief which would allow us to conduct meaningful judicial review. *Commonwealth v. Maris,* 427 Pa.Super. 566, 629 A.2d 1014 (1993). Although we acknowledge that appellant has filed this appeal without the benefit of legal representation, our language in *O'Neill v. Checker Motors Corp.,* 389 Pa.Super. 430, 567 A.2d 680 (1989), seems particularly apt:

While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, "any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her]

lack of expertise and legal training will prove [her] undoing."

389 Pa.Super. at 434, 567 A.2d at 682 (citations omitted).

Consequently,

[w]e decline to become the appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review a Court will not consider the merits thereof.

*Commonwealth v. Sanford,* 299 Pa.Super. 64, 67, 445 A.2d 149, 150 (1982).

Since the defects in appellant's brief are substantial and preclude this Court from conducting any meaningful appellate review, we quash his appeal. 42 Pa.C.S.A. 2101. *See Laird v.Ely & Bernard,* 365 Pa.Super. 95, 528 A.2d 1379 (1987), *alloc. denied,* 520 Pa. 576, 549 A.2d 136 (1988); *A.M. Skier Agency v. Pocono Futures, Inc.,* 308 Pa.Super. 481, 454 A.2d 637 (1982).

Appeal quashed.