J-S74039-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
        Appellee :
:
        v. :
:
THOMAS MOORE, :
:
        Appellant : No. 1490 EDA 2014

Appeal from the PCRA Order Entered April 1, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1105912-2003

BEFORE:  BENDER, P.J.E., DONOHUE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:  **FILED JANUARY 20, 2015**

Thomas Moore (Appellant) appeals *pro se* from the April 1, 2014 order which dismissed without a hearing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1]  After review, we dismiss his appeal.

On April 10, 2006, following a waiver trial, Appellant was found guilty of robbery and theft charges.  On July 12, 2006, Appellant was sentenced to a term of 120 to 240 months of incarceration.  Appellant's judgment of sentence was affirmed by this Court on January 8, 2008, and our Supreme Court denied Appellant's petition for allowance of appeal on July 10, 2008.

---

[1] Additionally, Appellant has filed with this Court a *pro se* "Motion for Appointment of New Counsel under Rule 908(A)(2)," as well as a "Petition to Issue Order to Trial Court to Produce Proof of Said Waiver of IAD 42 Pa.C.S.A. 9101 Article III(a) Under Rule 1008 Pro-se".

* Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Moore***, 947 A.2d 829 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 951 A.2d 1162 (Pa. 2008).

On November 5, 2008, Appellant filed his first PCRA petition, which was dismissed by the PCRA court on September 24, 2009. Appellant did not take an appeal from that order.

The instant PCRA petition was filed on April 26, 2012. On July 10, 2013, the PCRA court sent Appellant notice of its intent to dismiss the petition without a hearing, pursuant to Rule of Criminal Procedure 907, and indicated that Appellant had 20 days to respond. Appellant timely filed a response. On April 1, 2014, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal to this Court. The PCRA court ordered Appellant to file a statement of errors complained of on appeal, and one was filed.

Upon our review of Appellant's brief, we find it to be patently defective, as it fails in numerous respects to comport with Rules of Appellate Procedure 2111 through 2119. Appellant has failed to include in his brief, *inter alia*, a statement of questions involved, a statement of the case, a summary of the argument, or an argument section. Moreover, Appellant makes no citation to relevant authorities or to the record. Rather, Appellant's brief is a hodgepodge of rambling, handwritten pages interspersed with typed pages that appear to have been copied from an earlier, counseled pleading.

Rule 2101 grants us the authority to dismiss an appeal when the defects in a brief are substantial. Pa.R.A.P. 2101. The fact that Appellant is *pro se* does not excuse his complete failure to comply with the Rules of Appellate Procedure. While "this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). Nor does it entitle him to have this Court advocate on his behalf. **Commonwealth v. Rivera**, 685 A.2d 1011, 1013 (Pa. Super. 1996). "When issues are not properly raised and developed in briefs, [and] when the briefs are wholly inadequate to present specific issues for review[, this] Court will not consider the merits thereof." **Id.** (citation omitted).

Accordingly, because Appellant has failed to comply substantially with the relevant Rules of Appellate Procedure, we dismiss his appeal. In light of our disposition, we deny both of Appellant's pending *pro se* motions.

Motions denied. Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2015

- 3 -