J-S04023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM J. ROHLAND, | |
| Appellant | No. 375 MDA 2014 |

Appeal from the Order entered December 17, 2013,
in the Court of Common Pleas of Luzerne County,
Criminal Division, at No(s): CP-40-CR-0003799-2006

BEFORE:  BOWES, ALLEN, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED JANUARY 21, 2015**

William J. Rohland ("Appellant") appeals *pro se* from the order denying his petition for writ of mandamus.  We affirm.

The pertinent facts and procedural history are as follows:  On September 27, 2007, a jury convicted Appellant of two counts of first-degree murder.  On October 2, 2007, because the jury was unable to reach a unanimous verdict, the trial court sentenced Appellant to two consecutive terms of life imprisonment.  Following the appointment of new counsel, Appellant filed an appeal to this Court.  In an unpublished memorandum filed on May 26, 2009, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Rohland*, 976 A.2d 1214 (Pa. Super. 2009).  On April

_____

*Retired Senior Judge assigned to the Superior Court.

27, 2010, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Rohland***, 993 A.2d 900 (Pa. 2010).

Appellant did not file a petition for writ of *certiorari* to the United States Supreme Court. Instead, he unsuccessfully sought *habeas corpus* relief with our Supreme Court, as well as multiple times with the federal district court. ***See Rohland v. Wenerowicz***, 2011 Pa. LEXIS 2645 (Pa. Nov. 1, 2011); ***Rohland v. Wenerowicz***, 2012 U.S. Dist. LEXIS 157013 (M.D. Pa., May 16, 2012); ***Rohland v. Wenerowicz***, 2013 U.S. Dist. LEXIS 120245 (M.D. Pa., Mar, 29, 2013).

On April 26, 2013, Appellant filed the *pro se* petition for writ of mandamus at issue in this appeal. The trial court held a video conference regarding Appellant's filing on November 12, 2013. By order dated December 17, 2013, the trial court dismissed Appellant's petition. This timely appeal follows.

Within its brief, the Commonwealth urges this Court to affirm the trial court's order denying mandamus relief based on the substantial defects in Appellant's *pro se* brief. ***See*** Commonwealth Brief, at 5-6.

The Pennsylvania Rules of Appellate Procedure provide the following guidelines regarding the content of an appellant's brief:

> **Rule 2111. Brief of Appellant**
>
> **(a)**  **General rule.—**The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order.

(1)    Statement of Jurisdiction.

(2)    Order or other determination in question.

(3)    Statement of both the scope of review and the standard of review.

(4)    Statement of the questions involved.

(5)    Statement of the case.

(6)    Summary of argument.

(7)    Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)    Argument for appellant.

(9)    A short conclusion stating the precise relief sought.

(10)   The opinions and pleadings specified in (b) and (c) of this rule.

(11)   In Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

**(b)    Opinions below.**—There shall be appended to the brief a copy of any opinions delivered by any court or other government unit below relating to the order or other determination under review, if pertinent to the questions involved.  If an opinion has been reported, that fact and the appropriate citation shall also be set forth.

Pa.R.A.P. 2111 (a), (b).

We note that, "[w]hile this Court is willing to liberally construe materials filed by *pro se* litigants, . . . Appellant is not entitled to any

particular advantage because [he] lacks legal understanding." ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996).

Here, our review of Appellant's lengthy *pro se* brief reveals a failure to conform to almost all of the Pa.R.A.P. 2111 briefing requirements. These inadequacies have hampered effective appellate review, such that we dismiss Appellant's appeal pursuant to Pa.R.A.P. 2101 (if the defects are in the brief … of the appellant and are substantial, the appeal … may be quashed or dismissed). ***See Rivera***, 685 A.2d at 1103 (explaining that when issues are not properly raised and developed in briefs, and the briefs are wholly inadequate to present specific issues for review, this Court will not consider their merits); ***see also Commonwealth v. Spuck***, 86 A.3d 870 (Pa. Super, 2014).

Appeal dismissed. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/21/2015

- 4 -