J-A24006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DIANE R. GOCHIN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| NORMAN ROSETSKY | |
| | No. 3798 EDA 2015 |

Appeal from the Order Entered December 11, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2007-12909

BEFORE:  BOWES, OTT AND SOLANO, JJ.

MEMORANDUM BY BOWES, J.:                   **Filed January 12, 2017**

Diane Gochin ("Wife") appeals the December 11, 2015 divorce decree that ended her marriage to Norman Rosetsky ("Husband") and resolved all outstanding economic claims.[1]  For the reasons explained *infra*, we dismiss the appeal.

Husband and Wife married on August 28, 1988.  Wife initiated the divorce proceedings during 2007, and seven years of contentious equitable

---

[1] As it relates to the economic claims, the order directed that the marital home be held in *custodia legis* pending sale or foreclosure and that any proceeds and debts be divided equally between the parties.  The marital estate was divided equally and Wife was directed to pay Husband $5,300 for his share of the distribution.  Finally, the court denied both parties' claims for alimony *pendente lite*, alimony, counsel fees and/or costs, and health insurance.

distribution litigation ensued. As the trial court highlighted, "since [2007], there have been over 500 docket entries including those from [a] consolidated docket [number]." Trial Court Opinion, 3/21/16, at 3. The matter remained open during October 2014, when a divorce master presided over the equitable distribution hearing. The master filed its report and recommendation on December 5, 2014, and Husband filed a timely demand for a *de novo* hearing pursuant to Pa.R.C.P. 1920.55-3.[2] The trial court scheduled the *de novo* hearing for 9:00 a.m., on October 29, 2015. The court reserved two days for the hearing in anticipation of both parties' protracted testimony, evidence, and argument.

Wife, who was acting *pro se*, failed to appear at the *de novo* hearing. Instead, on the morning of October 29, 2015, she telephoned the trial court's chambers and informed it that she would not be present. The trial court returned Wife's call and directed her to attend the hearing. The court advised Wife that Husband was present and stated that it would wait for her arrival before proceeding. However, the court warned Wife that, if she failed to appear, it would proceed with the hearing *in absentia*. Rather than

---

[2] While the trial court referred to Husband's demand as his "exception" to the master's recommendation, Montgomery County Family Division does not employ exceptions. Instead, Montgomery County follows the alternative procedure outlined in Rule 1920.55-3, which provides "any party may file a written demand for a hearing *de novo*" within twenty days of the master's report. **See** Rule 1920.55-1 (Official Note listing Montgomery County as a jurisdiction electing the alternative procedure under Rule 1920.55-3).

comply with the court's directive to attend the hearing or request a continuance for any reason, Wife insisted upon attending only the second of the two days that the court had reserved for the hearing. The trial court attempted to explain that, if Wife did not attend the hearing as scheduled, there would be no need for a second day. Wife did not relent, and the hearing proceeded *in absentia*. After Husband presented his case-in-chief, including testimony, exhibits, and argument, the trial court adjourned the *de novo* hearing on October 29, 2015, without Wife's participation. On December 11, 2015, the trial court entered the final order that is the genesis of this appeal.

Wife's thirty-three page *pro se* brief seemingly asserts a litany of claims for our consideration. Unfortunately for Wife, her brief is an aimless, rambling criticism of Husband and the trial that is not only incoherent, but utterly fails to comply with the Pennsylvania Rules of Appellate Procedure. Wife's brief does not contain any of the components of Pa.R.A.P. 2111(a)(1-11) that are required to be listed separately and distinctly in the proscribed order. Specifically, Wife failed to include: 1) a statement of jurisdiction; 2) a copy of the order in question; 3) a statement of the scope and standard of review; 4) a statement of the questions involved; 5) the statement of the case; 7) a summary of the argument; or 8) the statement of errors complained of on appeal. While we are able to decipher cryptic references to standards of review and what Wife believes is the "relevant procedural

history" neither of those references explains Wife's failure to attend the *de novo* hearing or to request a continuance, nor do they address the trial court's decision to hold the hearing *in absentia*.

Moreover, Wife's brief fails to provide developed arguments in support of any of the issues that she apparently wants us to consider. The argument section of the brief is not divided into distinct claims as required by Pa.R.A.P. 2119(a), and while we do not doubt that Wife believes her argument makes perfect legal sense, we cannot glean from it any legal reasoning that would provide a basis for the relief that she requests, *i.e.*, a remand for a second *de novo* hearing before a different trial court judge, the marital home, and restitution totaling $100,000. **See** Wife's Brief at 33. Rather than justify her absence from the *de novo* hearing or explain how the trial court's decision to proceed in her absence was tantamount to an abuse of discretion, Wife engages in irrelevant, often personal, condemnations of Husband, his attorney, and the various trial judges that presided over the matter during the course of the seven-year litigation.

Pa.R.A.P. 2101 grants us the authority to dismiss an appeal where, as here, the defects in a brief are substantial and impede our ability to perform meaningful review. Specifically, the rule provides, "if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed." **Id**. The fact that Wife is *pro se* does not excuse her failure to comply with the Rules of Appellate

Procedure.  ***See Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa.Super. 2003).  While "this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Id***. at 251-252.  Likewise, "[w]hen issues are not properly raised and developed in briefs, [and] when the briefs are wholly inadequate to present specific issues for review[, this] Court will not consider the merits thereof." ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa.Super. 1996).

The defects in Wife's brief are substantial and preclude us from engaging in meaningful appellate review.  Accordingly, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2017