J-A13031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK NELLOM | : | |
| | : | |
| Appellant | : | No. 2178 EDA 2016 |

Appeal from the Judgment of Sentence June 20, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0008070-2013

BEFORE: LAZARUS, OTT, and FITZGERALD, JJ.[*]

MEMORANDUM BY FITZGERALD, J.:              **FILED MAY 02, 2017**

Appellant, Frank Nellom, appeals from the judgment of sentence entered at CR-8070-2013 in the Delaware County Court of Common Pleas following revocation of his parole. We dismiss the appeal and deny both parties' motions.

The relevant facts and procedural history of this appeal are as follows. The trial court convicted Appellant of two counts of driving under the influence ("DUI")[1] on October 22, 2014, and sentenced him to seventy-two hours' to six months' imprisonment on February 19, 2015. Thereafter, Appellant timely filed a *pro se* petition pursuant to the Post-Conviction Relief

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1), (c).

Act ("PCRA")[2] challenging his DUI convictions. On June 30, 2015, the court issued an order appointing counsel and setting forth a filing schedule. Counsel filed an application to withdraw and a "no merit" letter on September 9, 2015, to which Appellant responded *pro se*.

On May 5, 2016, a jury convicted Appellant at CR-1043-2016 of simple assault.[3] The court subsequently sentenced Appellant on June 20, 2016. That same day, the court conducted a ***Gagnon II***[4] hearing, revoked Appellant's parole at CR-8070-2013, and ordered him to serve the full back time of 174 days to run concurrent with his sentence at CR-1043-2016. Appellant timely appealed *pro se* from the parole revocation and complied with the court's Pa.R.A.P. 1925(b) order. The court issued a responsive opinion in which it stated that Appellant's PCRA petition would be "stayed" pending the instant appeal, and that the court would not file Pa.R.Crim.P. 907 notice "unless instructed otherwise." Trial Ct. Op., 11/10/16, at 1.

Appellant raises the following issue *pro se*:

> Should the trial court's request to delay judgment after 18 months on [a] properly filed PCRA petition claim that the affidavit of probable cause[] and preliminary hearing testimony of the arresting officer of record establish[] [a] violation of [p]ublic [p]olicy which vitiated the evidence

---

[2] 42 Pa.C.S. §§ 9541-9546.

[3] Appellant has filed a separate appeal from his simple assault conviction, which has been docketed in this Court at 2179 EDA 2016.

[4] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

necessary to convict of DUI[?] [Does] [t]he Commonwealth having voice[d] no opposition require the trial court judgment [to] be vacated with prejudice?

Appellant's Brief at 6.

It is well settled that while a *pro se* litigant is granted the same rights, privileges, and considerations as those accorded an appellant represented by counsel, *pro se* status does not entitle an appellant to any particular advantage because the appellant lacks legal training. **See Commonwealth v. Rivera**, 685 A.2d 1011, 1013 (Pa. Super. 1996). Appellant has a duty to file a comprehensible brief and to raise and develop his issues sufficiently for appellate review. **See Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007). Accordingly, "a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) (citation omitted). This Court may quash or dismiss an appeal if an appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2101.

Instantly, Appellant has failed to raise any issues regarding his **Gagnon II** hearing or revocation sentence. Rather, Appellant raises challenges to his underlying DUI convictions as well as the court's decision to stay judgment on his pending PCRA petition. Nevertheless, as Appellant never filed a direct appeal from his DUI convictions, any claims pertaining to these underlying convictions are waived. **See Commonwealth v. Infante**,

888 A.2d 783, 790 (Pa. 2005) ("the scope of review in an appeal following a sentence imposed after . . . revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation"); **see also** Pa.R.A.P. 903(a). Furthermore, the trial court's June 30, 2015 order in the PCRA proceeding, which Appellant appears to challenge in this appeal, is not a final, appealable order, nor has a final order been entered in that matter. **See** Pa.R.A.P. 341. Therefore, because Appellant has failed to properly raise and argue any issues pertaining to his parole revocation hearing, we dismiss the appeal, deny Appellant's Emergency Application for Order,[5] and deny the Commonwealth's Motion to Strike as moot.[6]

Appeal dismissed; Appellant's Emergency Application denied; Commonwealth's Motion to Strike denied.

---

[5] Appellant's emergency application claims his suspended driver's license should be reinstated so that he may continue his produce delivery service.

[6] The Commonwealth's motion alleges that Appellant is not entitled to oral argument without this Court's permission, as he is purporting to appeal from a PCRA order.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/2/2017