J-S44004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| R.M., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| P.M., | |
| Appellee | No. 763 EDA 2017 |

Appeal from the Order Entered February 10, 2017
In the Court of Common Pleas of Wayne County
Domestic Relations at No(s): 61-DR-2012

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED SEPTEMBER 06, 2017**

R.M. (Father) appeals *pro se* from the February 10, 2017 order that denied his exceptions to the custody master's report and recommendations involving his two children, born in October of 2006 and in October of 2008. The court incorporated the master's report in its order that essentially denied Father's petition for modification of the existing custody order, which allowed Father only supervised physical custody.[1]  For the reasons that follow, we dismiss the appeal.

---

[1] The present appeal is just the latest in an extensive custody battle that had previously culminated in an appeal to this Court in 2015.   *See R.M. v. P.M.*, 144 A.3d 201 (Pa. Super. 2016) (unpublished memorandum).  That memorandum provides a detailed discussion of the facts in this matter, which we do not reproduce here in light of our decision to dismiss Father's appeal.

Initially, we point out that Father's brief includes a list of forty-two issues (covering ten pages), many of which do not raise arguments that can be understood, let alone, addressed by this Court. Moreover, his brief contains a mere, single page entitled "Argument," that does not provide citations to the record or to authorities; nor does Father direct his one-page argument at any particular, enumerated issue. This one-page argument is insufficient to provide a basis upon which this Court can render a meaningful review of Father's case.

We note that Rule 2101 states:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules nearly as the circumstances of the particular case will admit, otherwise, they may be suppressed, and *if the defects are in the brief* or reproduced record *of the appellant and are substantial, the appeal or other matter may be quashed or dismissed*.

Pa.R.A.P. 2101 ("Conformance with Requirements") (emphasis added).

Moreover, the appellate procedure rules require that "each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Eichman v. McKeon**, 824 A.2d 305, 319 (Pa. Super. 2003); Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are question to be argued … followed by such discussion and citation of authorities as are deemed pertinent."). Additionally, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider

the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006).

Specifically, with regard to the argument section of Father's brief, he has failed to provide a cohesive and/or legal argument, thus, depriving this Court of the ability to conduct meaningful judicial review. Also, as we have previously stated:

> While this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant, we note that [an] appellant is not entitled to any particular advantage because [he] lacks legal training. As our supreme court has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.

***Id.*** (quoting ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996)).

Having concluded that the defects in Father's brief are so substantial that they totally impair our ability to conduct a meaningful review, we are compelled to dismiss his appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/2017

- 3 -