J. S63034/17

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
SHAUN M. DAVIS, : No. 519 WDA 2017
:
Appellant :


Appeal from the PCRA Order, March 14, 2017,
in the Court of Common Pleas of Fayette County
Criminal Division at Nos. CP-26-CR-0000929-2010,
CP-26-CR-0000930-2010


BEFORE: BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.


JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.: FILED OCTOBER 25, 2017

Shawn M. Davis appeals pro se from the March 14, 2017 order denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"),[1] as untimely. After careful review, we affirm.

The underlying facts and procedural history of this case were summarized in the PCRA court's March 14, 2017 opinion and need not be reiterated here. (See PCRA court opinion, 3/14/17 at 1-2.) In sum, appellant was sentenced on October 5, 2010 to an aggregate term of 18 to 36 months' imprisonment, pursuant to plea agreement, and did not file a direct appeal to this court. On July 8, 2015, appellant filed his first pro se PCRA petition, and counsel was appointed to represent him. The PCRA court

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

ultimately dismissed appellant's petition as untimely on September 14, 2015. Appellant filed the instant petition, his second, on January 6, 2017. On February 15, 2017, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Thereafter, on March 14, 2017, the PCRA court dismissed appellant's untimely petition. This timely appeal followed.[2]

The record reflects that appellant filed his instant PCRA petition over six years after sentence was imposed and the time for filing a direct appeal with this court expired. See 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"). It is well settled that all PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. See 42 Pa.C.S.A. § 9545(b)(1). As a result, appellant's PCRA petition is patently untimely, and the PCRA court lacked jurisdiction to review it, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1). Instantly, the record in this matter reveals that appellant

---

[2] Although not ordered to do so, appellant filed a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), on April 17, 2017. The PCRA court filed a statement in lieu of an opinion on April 24 2017.

failed to specifically invoke any of the statutory exceptions to the PCRA time-bar. Notably, although appellant checked all three Section 9545(b)(1) exceptions in his January 6, 2017 petition, he failed to cite to or make any argument whatsoever with regard to these exceptions in his appellate brief. (See certified record at no. 26.)[3]

Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition as untimely.

Order affirmed.

---

[3] We note that appellant's appeal could also be dismissed on the basis that his pro se brief to this court is virtually non-compliant with the requirements set forth in Pennsylvania Rule of Appellate Procedure 2111(a). Specifically, we observe that appellant's six-page, handwritten brief contains no statement of jurisdiction, no specification of the order or determination sought to be reviewed, no statement of the scope or standard of review, and no separate summary of argument section. See Pa.R.A.P. 2111(a)(1)-(3), (6). Additionally, appellant's brief does not contain a statement of the questions involved and does not set forth any discernable substantive argument. See id. at § 2111(a)(4), (8). As best we can discern, appellant contends that his convictions should be vacated because he "was a victim of corrupt officials['] unlawful conduct" and that he is entitled to an evidentiary hearing on the PCRA's court's dismissal of his second petition as untimely. (Appellant's brief at 5, ¶¶ 16-18.) "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." In re Ullman, 995 A.2d 1207, 1211 (Pa.Super. 2010) (citations omitted), appeal denied, 20 A.3d 489 (Pa. 2011); see also Commonwealth v. Rivera, 685 A.2d 1011, 1013 (Pa.Super. 1996) (quashing a petitioner's appeal from an order denying his PCRA petition on the basis he failed to provide a brief that would allow meaningful judicial review).

J. S63034/17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2017

- 4 -