J-A03023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAREK SZYDLOWSKI, PAT GUARIGLIA, AND INVENTEDGE CORPORATION | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| VOY HAIG | : : | No. 1191 EDA 2017 |
| Appellant | : | |

Appeal from the Order Entered March 16, 2017
In the Court of Common Pleas of Pike County Civil Division at No(s): 2015-00665

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

JUDGMENT ORDER BY McLAUGHLIN, J.:          **FILED FEBRUARY 01, 2018**

Appellant, Voy Haig, appeals *pro se* from the Order of the Pike County Court of Common Pleas granting Appellees' motion for contempt and the imposition of sanctions, and entering default judgment in favor of Appellees in the amount of $71,843.29, plus interest and attorney's fees. In this Court, Appellant filed a one-page brief that fails to comply with the Pennsylvania Rules of Appellate Procedure in any meaningful respect. Therefore, we dismiss the appeal pursuant to Pa.R.A.P. 2101.

Rule 2101 provides:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, **if the defects are in the brief or reproduced record of the appellant**

_____

* Retired Senior Judge assigned to the Superior Court.

**and are substantial, the appeal or other matter may be quashed or dismissed.**

Pa.R.A.P. 2101 (emphasis added).

In order to avoid dismissal under Rule 2101, an Appellant must comply with Rule 2111:

**Rule 2111. Brief of the Appellant**

**(a) General rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matter, separately and distinctly entitled and in the following order:

(1)     Statement of jurisdiction.

(2)     Order or other determination in question.

(3)     Statement of both the scope of review and the standard of review.

(4)     Statement of the questions involved.

(5)     Statement of the case.

(6)     Summary of argument.

(7)     Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)     Argument for appellant.

(9)     A short conclusion stating the precise relief sought.

(10)    The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11)    In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111

Further, while it is well settled that a *pro se* litigant is granted the same rights, privileges, and considerations as a party represented by counsel, *pro se* status does not provide any particular advantage to an appellant either. **See Commonwealth v. Rivera**, 685 A.2d 1011, 1013 (Pa.Super. 1996). Accordingly, "a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa.Super. 2003) (citation omitted). This Court may quash or dismiss an appeal where an appellant's brief fails to substantially conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101.

In this case, Appellant's one-page brief ignores the Rules of Appellate Procedure and fails to develop meaningful arguments, let alone provide citations to authorities or references to the record. Therefore, we dismiss the appeal. Pa.R.A.P. 2101.

Appeal dismissed. Case stricken from the February 6, 2018 argument list. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/1/2018

- 3 -