J-S04018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :   IN THE SUPERIOR COURT OF
                                                 :            PENNSYLVANIA
                             :
               v.               :
                             :
                             :
FRANKIE LAMAR BROWN        :
                             :
          Appellant         :    No. 1158 MDA 2018

Appeal from the PCRA Order Entered June 22, 2018
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0002168-2012,
CP-36-CR-0004421-2011, CP-36-CR-0004462-2012

BEFORE:   SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 23, 2019**

Frankie Lamar Brown appeals, *pro se*, from the order entered June 22, 2018, in the Lancaster County Court of Common Pleas, dismissing his serial petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Brown seeks relief from the judgment of sentence of an aggregate term of 6½ to 15 years' imprisonment, imposed on May 13, 2013, following his negotiated guilty plea to person not to possess firearms, simple assault, aggravated assault, conspiracy to riot, and riot, on three separate dockets. On appeal, he asserts the PCRA court erred in dismissing his PCRA petition as

_____

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

untimely. For the reasons below, we are constrained to quash this appeal and deny Brown's motion to correct docketing.

The parties are well acquainted with the facts and procedural history underlying this appeal and we need not recite them herein. In summary, on May 13, 2013, Brown entered a negotiated guilty plea to the aforementioned charges. The trial court immediately sentenced him in accordance with the terms of the plea deal. Brown did not file a direct appeal.

Brown filed a *pro se* PCRA petition on June 17, 2014. The PCRA court subsequently appointed counsel, who petitioned to withdraw. The PCRA court granted counsel's request to withdraw and dismissed the PCRA petition on June 30, 2017. Brown did not file an appeal.

On May 24, 2018, Brown filed a second, *pro se* PCRA petition. The PCRA court did not issue notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). On June 22, 2018, the PCRA court dismissed the petition as untimely. This timely appeal listing all three lower court docket numbers followed.[2]

On appeal, Brown contends the PCRA court erred in dismissing his petition as untimely and attempts to invoke the limited mental health exception to the PCRA's timeliness requirement as enunciated by this Court in

---

[2] In response to the PCRA court's order, Brown filed a timely concise statement of errors complained of on appeal. On August 29, 2018, the court filed an opinion.

*Commonwealth v. Monaco*, 996 A.2d 1076 (Pa. Super. 2010), *appeal denied*, 20 A.3d 1210 (Pa. 2011). "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted).

However, before we may consider the timeliness of the PCRA petition, we must first determine whether Brown properly filed the notice of appeal.[3] As noted *supra*, Brown's single notice of appeal listed all three docket numbers. **See** Notice of Appeal, 7/10/2018. The official note to Pennsylvania Rule of Appellate Procedure 341 states that separate notices of appeal must be filed when "one or more orders resolves issues arising on more than one docket or relating to more than one judgment."[4] Despite this, the courts of this Commonwealth, until recently, have allowed appeals to proceed even if the appellant listed multiple dockets on one notice of appeal. **See In Interest of P.S.**, 158 A.3d 643 (Pa. Super. 2017), *appeal denied*, 174 A.3d 1029 (Pa. 2017).

---

[3] On July 31, 2018, this Court issued Brown a rule to show cause why the appeal should not be quashed in light of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). In response, Brown filed a motion to correct docketing, and we discharged the rule, so the merits panel could decide the issue.

[4] Pa.R.A.P. 341, Official Note.

However, on June 1, 2018, in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), the Pennsylvania Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Id.** at 971. The Court explained "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal" and "[t]he failure to do so requires the appellate court to quash the appeal." **Id.** at 976-977. Recognizing, however, that "decades" of prior case law, while disapproving of the practice, seldom resulted in quashal of the appeal, the **Walker** Court declined to quash the appeal before it. Nevertheless, the Court held:

> While we do not quash the present appeal in this instance, in future cases Rule 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal.

**Id.** at 977 (footnote omitted).

In the case before us, Brown filed a single notice of appeal, listing all three trial court docket numbers at issue, on July 10, 2018. Because he filed this notice after the decision in **Walker**, Brown was required to file separate notices of appeal for each number. Consequently, pursuant to the mandate in **Walker**, **supra**, we are constrained to quash this appeal.[5]

---

[5] We note that, in response to the rule to show cause, Brown filed a motion to correct docketing, asserting that we should not quash the present appeal because he is appealing *pro se* and is ignorant of the law and requesting

Appeal quashed.     Motion to correct docketing denied.     Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/2019

_____

permission to file three late notices of appeal.  However, as this Court explained in **Commonwealth v. Rivera**, 685 A.2d 1011 (Pa. Super. 1996):

> While this Court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training.  As our Supreme Court has explained, "any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing."

**Id.** at 1013 (citation omitted).  Accordingly, the mandate in **Walker** binds us.