J-S37025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TAMMY CARLEY O'BRIEN, | : | |
| | : | |
| Appellant. | : | No. 188 EDA 2019 |

Appeal from the Judgment of Sentence Entered, December 12, 2018,
in the Court of Common Pleas of Pike County,
Criminal Division at No(s): CP-52-SA-0000030-2018.

BEFORE: BOWES, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.: **FILED SEPTEMBER 18, 2019**

Tammy Carley O'Brien appeals *pro se* from the judgment of sentence imposed following her conviction of operating a motor vehicle without a proper driver's license. ***See*** 75 Pa.C.S.A. § 1501(a). We affirm.

The relevant factual and procedural history is as follows. On June 15, 2018, Pennsylvania State Police Trooper Patrick Quinn was conducting routine duties as part of a roving detail for the enforcement of driving under the influence laws when he ran a random plate inquiry on a silver Honda Accord. The information in the system indicated that the vehicle had recently been stopped, and a citation had been issued to the operator for driving without a license. Trooper Quinn testified that the description of the individual who had previously been issued a citation for driving without a license matched the profile of the person Trooper Quinn observed operating the vehicle. Thus, the

trooper, suspecting that the vehicle was being operated by the same individual, initiated a traffic stop. During the traffic stop, Trooper Quinn requested O'Brien to produce a driver's license. In response, O'Brien initially stated that she forgot it, but then admitted that she did not have a valid driver's license. The trooper then issued her a traffic citation for operating a motor vehicle without a proper driver's license pursuant to section 1501(a).

O'Brien contested the citation, and on August 16, 2018, a magistrate district judge found her guilty of driving without a license. O'Brien filed a timely summary appeal to the Court of Common Pleas of Pike County. On December 12, 2018, the trial court conducted a *de novo* trial, after which it convicted O'Brien of the summary offense. O'Brien then filed a timely notice of appeal to this Court. The trial court ordered her to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response, O'Brien filed a "Summary of the Argument." The trial court thereafter filed an opinion pursuant to Pa.R.A.P. 1925(a).

O'Brien raises one issue for our review: "The traffic stop which resulted in a claimed summary offense was not constitutionally justified." Appellant's Brief at 2.

Preliminarily, we note that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in our appellate rules. *Id.*; *see*

*also Commonwealth v. Lyons*, 833 A.2d 245 (Pa. Super. 2003). Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. *Lyons*, 833 A.2d at 252. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing. *Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996).

The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief. *See* Pa.R.A.P. 2111. Additionally, Rules 2114 through 2119 specify in greater detail the material to be included in briefs on appeal. *See* Pa.R.A.P. 2114-2119. Instantly, O'Brien's brief falls short of these standards. It does not include a statement of jurisdiction. *See* Pa.R.A.P. 2111(a)(1), (3), Pa.R.A.P. 2114. While O'Brien's brief purports to include a statement of the case, it fails to comply in any respect with our procedural rules. *See* Pa.R.A.P. 2111(a)(5); Pa.R.A.P. 2117(a). O'Brien's brief appears to be based almost entirely on facts not in evidence;[1] indeed, she makes only one reference to the certified record. *See* Pa.R.A.P. 2119(b) and (c).

---

[1] This Court may not consider materials that are not included in the certified record when resolving an issue. *See Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006).

Moreover, whereas O'Brien's brief raises a variety of constitutional claims under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments,[2] the certified record reveals that she raised only one constitutional challenge before the trial court, namely a Fourth Amendment challenge to the legality of the traffic stop.[3] *See* Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Further, in her concise statement, the sole constitutional challenge that O'Brien raised was whether Trooper Quinn was justified in stopping her vehicle under the Fourth Amendment. *See* Pa.R.A.P. 1925(b)(3)(vii) (providing that "issues not included in the Statement … are waived"). Thus, her additional constitutional claims are waived.

Finally, regarding her sole preserved issue, O'Brien neither identifies controlling Pennsylvania legal precedent, nor explains why the Fourth Amendment entitles her to relief.[4] *See* Pa.R.A.P. 2119(a) (stating that the parties' briefs must include a discussion of each question raised on appeal and a "citation of authorities as are deemed pertinent"). In this Commonwealth, appellate arguments which are not supported by discussion and analysis of

---

[2] For the most part, O'Brien's brief provides a rambling and, at times, incoherent personal essay on, *inter alia*, her belief that she does not need a driver's license to operate a vehicle on Pennsylvania roadways.

[3] *See* N.T. *De Novo* Trial, 12/12/18, at 21.

[4] O'Brien's brief includes various quotes from decisions rendered in other jurisdictions, which have no precedential value in this Commonwealth.

pertinent authority are waived. ***See Commonwealth v. Murchinson***, 899 A.2d 1159, 1160 (Pa. Super 2006) (deeming appellant's claims waived under Pa.R.A.P. 2119(a) because he did not develop meaningful argument with specific references to relevant caselaw and to the record to support his claims); **see also *Commonwealth v. Heilman***, 867 A.2d 542, 546 (Pa. Super. 2005) (recognizing that failure to provide "such discussion and citation of authorities as are deemed pertinent" may result in waiver); ***Commonwealth v. Cornelius***, 856 A.2d 62, 77 (Pa. Super. 2004) (declining to review appellant's claim where there was limited explanation and development of the argument). As O'Brien's argument fails to identify, let alone discuss, the case law relevant to her legal claim, or how the Fourth Amendment entitles her to relief, we deem her claim waived.[5]

---

[5] Had we not found waiver, we would have concluded that the traffic stop in question was supported by reasonable suspicion that the detained motorist was presently involved in criminal activity. ***See Commonwealth v. Feczko***, 10 A.3d 1285, 1288 (Pa. Super. 2010) (*en banc*). Here, Trooper Quinn testified that, based on a random plate inquiry conducted during a routine DUI enforcement patrol, he determined from the information provided on the computer in his police cruiser that the vehicle O'Brien was operating had previously been stopped, and a citation was issued to the operator for driving without a license. ***See*** N.T. *De Novo* Trial, 12/12/18, at 5-6, 15. The trooper further testified that the prior traffic stop had occurred "several weeks or months prior." ***Id***. at 15. Finally, the trooper testified that the information on his computer included a description of O'Brien, and that "he had a clear view of [O'Brien's] face which matched the information that was provided." ***Id***. at 8. ***See Commonwealth v. Hilliar***, 943 A.2d 984 (Pa. Super 2008) (finding traffic stop was supported by reasonable suspicion that the operator of the vehicle was driving with a suspended license where officer's computer provided a description of the registered owner, who had a suspended license,

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/19

---

and the officer observed that the driver of the vehicle was of the same gender and approximate age as the registered owner); **Commonwealth v. Bailey**, 947 A.2d 808 (Pa. Super. 2008) (finding reasonable suspicion to justify vehicle stop); **Commonwealth v. Farnan**, 55 A.3d 113 (Pa. Super. 2012) (same); **cf Commonwealth v. Andersen**, 753 A.2d 1289 (Pa. Super. 2000) (holding that the knowledge that the vehicle owner's driving privileges are suspended, coupled with **an assumption** that the owner is driving the vehicle, does not give rise to reasonable suspicion to justify a vehicle stop).