J-S17015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MANSOOR VIQAR SAYYED | : | |
| | : | |
| Appellant | : | No. 1393 WDA 2022 |

Appeal from the Judgment of Sentence Entered November 4, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-SA-0001014-2022

BEFORE:  LAZARUS, J., OLSON, J., and KING, J.

JUDGMENT ORDER BY LAZARUS, J.:                    **FILED: JUNE 1, 2023**

Mansoor Viqar Sayyed appeals, *pro se*, from the judgment of sentence, imposed in the Court of Common Pleas of Allegheny County, following his summary conviction for disorderly conduct.[1]  We quash.

The trial court set forth the facts and procedural history of this case as follows:

> [Sayyed] filed a summary appeal from a conviction in the Magisterial District Court for disorderly conduct[.]
>
> During the *de novo* hearing of November 4, 2022, Officer Carl Rech, with the Brentwood Police Department, testified that while he was off duty, he witnessed [Sayyed] outside the public library urinating on a tree with children and adults nearby.  He informed Brentwood Police Officer Davidson, who was on duty, what he had witnessed.  Officer Davidson issued a summons to [Sayyed].
>
> [Sayyed] argued that he has a medical condition and needed to relieve himself immediately or he would have had an accident.

_____

[1] 18 Pa.C.S.A. § 5503(a)(4).

> However, Officer Davidson testified that [Sayyed] was 25 or 30 feet from the library and could have used the public bathroom in the library's lobby.
>
> This court found [Sayyed] guilty following a *de novo* hearing on November 4, 2022, imposed a fine of $100.00, and waived the costs. [Sayyed] filed a timely [*pro se*] appeal to the Pennsylvania Superior Court on November 28, 2022. This court ordered [Sayyed] to file a [Pa.R.A.P.] 1925(b) [concise] statement of [] errors complained of on appeal on December 2, 2022, which was filed on December 19, 2022.

Trial Court Opinion, 1/20/23, at [1-2] (paragraphs reordered; citations to record and unnecessary capitalization omitted).

Sayyed raises the following claim in his statement of the questions involved: "Whether [Sayyed's] sentencing, pursuant to the hearing[,] was lawful or not is the question[,] especially concerning his disability[,] as the officer never knew or even asked him a reason at the time." Brief of Appellant, at 3 (unnecessary capitalization and emphasis omitted).

Prior to addressing the merits of Sayyed's claim, we must determine whether it is waived. In its brief, the Commonwealth asks us to deny relief because Sayyed's brief fails to comply with the Rules of Appellate Procedure. Specifically, the Commonwealth notes that Sayyed's

> statement of the questions involved seemingly purports to raise a sentencing claim. However, this "question" is inconsistent with [Sayyed's] "argument[," which] is an alphabetical list of grievances with those involved with his case[,] including the court, the prosecutor, and the police officers. [Sayyed] also includes some personal information that he apparently believes provides a basis for relief.

Brief of Appellee, at 8 (citations and unnecessary capitalization omitted). The Commonwealth further notes that Sayyed also fails to develop any argument,

with citation to the record or pertinent authority, as required by Pa.R.A.P. 2119(a), and that his argument "contains nothing more than an inventory of purported facts presented in the light most favorable to him." *Id.* at 9. We agree.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to comply with the requirements set forth in those rules. *Id.*; *Commonwealth v. Lyons*, 833 A.2d 245 (Pa. Super. 2003). Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon an appellant. *Lyons*, 883 A.2d at 251-52. To the contrary, any person choosing to represent himself in a legal proceeding "must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." *Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996) (citation omitted).

Because Sayyed's brief is nothing more than, as the Commonwealth observes, "an inventory of purported facts presented in the light most favorable to him," it does not "allow us to clearly define what[,] exactly[,] [Sayyed's] point of controversy is." *Id.* Accordingly, we are unable to conduct meaningful appellate review and are constrained to quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/1/2023