J-A08005-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DANIEL HEALD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LUZ VAQUEDANO | : | |
| | : | |
| Appellant | : | No. 2243 EDA 2025 |

Appeal from the Order Entered July 28, 2025
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2022-14220

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, P.J.:          **FILED FEBRUARY 19, 2026**

Luz Vaquedano appeals *pro se* from the order, entered in the Court of Common Pleas of Montgomery County, holding her in contempt for violating a custody order and sanctioning her $1,500.00 in counsel fees.  Due to the significant deficiencies in Vaquedano's brief, we quash.  **See** Pa.R.A.P. 2101 ("if the defects in the brief . . . of the appellant are substantial, the appeal or other matter may be quashed or dismissed").

A review of Vaquedano's brief evidences a complete failure to abide by the Pennsylvania Rules of Appellate Procedure.  **See** Pa.R.A.P. 2111 (requirements for Brief of the Appellant).  Specifically, her brief fails to include a scope of review, **see** Pa.R.A.P. 2111(a)(3), summary of the argument, **see** Pa.R.A.P. 2111(a)(6), or the procedural or factual history of the case.  **See** Pa.R.A.P. 2111(a)(5).  Most egregious, however, is the fact that Vaquedano's

_____

[*] Former Justice specially assigned to the Superior Court.

brief—which totals three pages—fails to set forth any issues on appeal, does not include any legal argument, omits citation to case law or other legal authority, and fails to reference the record. *See* Pa.R.A.P. 2117(a)(4), 2119(b)-(d).

We recognize that Vaquedano is *pro se*; however, as noted in *Commonwealth v. Rivera*, 685 A.2d 1011 (Pa. Super. 1996):

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our [S]upreme [C]ourt has explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.

*Id.* at 1013. The *Rivera* court concluded that "we decline to become the appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Id.* (citation omitted). Because we are unable to conduct a meaningful review, we quash this appeal.

Appeal quashed.[1]

---

[1] We note that even if we did not quash this appeal, Vaquedano would be entitled to no relief where she admits that she did not comply with the court's custody order and where the trial court was not required to determine her ability to pay before imposing sanctions for her contemptuous conduct. *See* 23 Pa.C.S.A. § 5323(g)(1)(v) (party who willfully fails to comply with custody order may be adjudged in contempt and contempt shall be punishable by, among other things, "[c]ounsel fees and costs"); *see also Hopkins v. Byes*, 954 A.3d 654, 659 (Pa. Super. 2008) (no controlling case law mandating determination of contemnor's ability to pay prior to imposition of sanction in form of attorneys' fees).

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>2/19/2026</u>