J-S19009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAKEEM MYATT | : | |
| | : | |
| Appellant | : | No. 737 EDA 2018 |

Appeal from the PCRA Order February 7, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005394-2008

BEFORE:  BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 08, 2020**

Hakeem Myatt appeals *pro se* from the dismissal of his Post-Conviction

Relief Act ("PCRA") petition.  After careful review, we affirm.

The trial court previously summarized the relevant factual history of this

case as follows:

> The Commonwealth presented the testimony of Keysher
> Mason who testified that in November of 2006 she was living with
> the Appellant at his aunt and uncle's house at 219 Wyoming
> Avenue in Philadelphia.  M[s]. Mason testified that on November
> 23, 2006, after Thanksgiving dinner, she told the Appellant that
> she [did not] want to be with him anymore.  The Appellant then
> went to the kitchen and returned holding his hand under his T-
> shirt.  Ms. Mason stated that she repeated her desire not to be
> with the Appellant.  She then stood up at which time Ms. Mason
> testified that the Appellant pulled out a knife.  As she began to
> run away, Ms. Mason stated that the Appellant stabbed her in the
> shoulder with the knife.  According to her testimony, Ms. Mason
> was chased round the dining room table which the Appellant then
> flipped over onto her.  Ms. Mason grabbed a chair while she was
> falling back.  She stated that the Appellant attempted to stab her
> [through] the chair.  She testified to being stabbed multiple times

by the Appellant while he screamed that he was going to kill her. The Commonwealth presented the testimony of the Appellant's uncle, Albert Boykins, who stated that on the evening of November 23, 2006 he came downstairs after hearing a loud argument between the Appellant and Ms. Mason. He went on to testify that he saw the Appellant on top of Ms. Mason who was covering her face. Mr. Boykins stated that he pulled the Appellant off of Ms. Mason, who was bleeding, and ran her to a neighbor's house, whereupon an ambulance was called. Ms. Mason finally testified that her injuries included a black eye and a swollen face with a cut that required stitches.

Trial Court Opinion, 6/28/10, at 1-2.

Appellant was arrested and, on May 1, 2009, was convicted by a jury of aggravated assault and possession of an instrument of crime ("PIC"). He was found not guilty of attempted murder. On July 24, 2009, Appellant was sentenced to ten to twenty years of imprisonment for aggravated assault, followed by five years of probation for the PIC conviction. Appellant filed a direct appeal challenging the trial court's limitation of the scope of the cross-examination of Mr. Boykins. Appellant had attempted to elicit testimony from Mr. Boykins regarding an alleged violent altercation that occurred between Appellant and the victim the night before the incident which led to the charges being filed in this case. Mr. Boykins testified that he had not witnessed a prior altercation. Accordingly, the trial court limited the scope of cross-examination to events which the witness had actually observed. On May 26, 2011, we rejected the claim and affirmed Appellant's judgment of sentence. **See Commonwealth v. Myatt**, 30 A.3d 549 (Pa.Super. 2011) (unpublished memorandum). On November 22, 2011, the Supreme Court denied

Appellant's petition for allowance of appeal. *See Commonwealth v. Myatt*, 34 A.3d 82 (Pa. 2011).

On June 13, 2011, Appellant filed a *pro se* PCRA petition. In 2016, appointed counsel filed an amended PCRA petition, asserting two claims: (1) that trial counsel was ineffective for failing to request a jury instruction on simple assault, and (2) that appellate counsel was ineffective for failing to raise that issue on direct appeal. The Commonwealth filed a motion to dismiss, contending that Appellant's claims were insufficiently pled and meritless, since the evidence did not support a simple assault instruction. The trial court agreed with the Commonwealth that Appellant's allegations lacked arguable merit and issued a notice of its intent to dismiss the PCRA petition without a hearing. On February 7, 2018, the PCRA court denied the petition. This appeal followed.

Both PCRA counsel and the trial court complied with the mandates of Pa.R.A.P. 1925. In his concise statement, PCRA counsel reiterated the two issues raised in the amended PCRA petition and the PCRA court filed a corresponding opinion. However, before PCRA counsel filed his appellate brief, Appellant submitted a *pro se* brief to our court. As a result, PCRA counsel filed an "application to withdraw as counsel and/or for remand for *Grazier*[1] hearing," since Appellant was no longer responding to counsel and his actions

---

[1] *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

- 3 -

indicated that he now wished to represent himself. We vacated the briefing schedule and remanded for sixty days so that the PCRA court could conduct an on-the-record inquiry regarding Appellant's waiver of counsel. On September 2, 2019, the PCRA court held a *Grazier* hearing. At the conclusion of the hearing, the PCRA court found that Appellant had knowingly, intelligently, and voluntarily waived his right to counsel and granted his request to proceed *pro se*. The record was returned to our court and we now consider Appellant's *pro se* brief.

Preliminarily, we note appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2101. A failure to comply with the Rules of Appellate Procedure, may result in the dismissal of an appeal. ***Id***.; ***see also Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa.Super. 2005). Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon an appellant. ***Id***. at 252. To the contrary, "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa.Super. 1996).

Instantly, Appellant's brief falls far short of these standards. It does not include a statement of the scope of review or the standard of review. ***See*** Pa.R.A.P. 2111(a)(2). Although Appellant has attached various *pro se* filings

and the Pa.R.A.P. 1925(a) opinion, he has failed to include the order in question or a statement of jurisdiction. **See** Pa.R.A.P. 2111(a)(1), (a)(3), Pa.R.A.P. 2114; Pa.R.A.P. 2115. Most glaringly, Appellant did not include a statement of the questions involved, a statement of the case, or a summary of the argument. **See** Pa.R.A.P. 2111(a)(4)-(6); Pa.R.A.P. 2116; Pa.R.A.P. 2117(a); Pa.R.A.P. 2118. Instead, Appellant proceeds directly to a loosely structured, stream-of-consciousness argument section. On this basis, alone, we could dismiss Appellant's appeal, as he substantially fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2101. However, despite the numerous defects in Appellant's brief, since we are able to discern two claims that Appellant wishes to raise, we will consider those, despite the shortcomings in the brief.

Appellant raises the following issues for our review: (1) trial counsel was ineffective for failing to object to a violation of his right to confront Mr. Boykins with his prior statement to police, and (2) Appellant's rights were violated because defense counsel was not allowed to cross-examine Mr. Boykins about his prior statement to police. **See** Appellant's brief at unnumbered 1-7.

Before addressing the merits of Appellant's claims, we must determine whether they are waived since they were not included in Appellant's Pa.R.A.P. 1925(b) concise statement.[2] The Commonwealth contends that, because

_____

[2] Also, there is no indication in the certified record that Appellant requested the opportunity to file a second Pa.R.A.P. 1925(b) concise statement.

Appellant's 1925(b) statement asserted wholly different issues related to claims of ineffective assistance of counsel, both of his allegations of error are waived. **See** Commonwealth's brief at 6. We agree.

Our Supreme Court has established a bright-line rule that when a trial court directs a defendant to file a concise statement of matters complained of on appeal, any issues not raised in such a statement will be waived. **See Commonwealth v. Castillo**, 888 A.2d 775, 776 (Pa. 2005) (reaffirming the "bright-line rule" that in order to preserve a claim for appellate review, appellants must comply whenever the trial court orders them to file a Pa.R.A.P. 1925(b) statement).

Here, Appellant's 1925(b) statement included allegations that trial and appellate counsel were ineffective for not requesting that the jury be charged on simple assault. On appeal, Appellant has abandoned these claims. Instead, he chooses to raise two new allegations attacking an evidentiary ruling regarding the cross-examination of a Commonwealth witness on the grounds that his right to confrontation was violated. This he cannot do. Since both of Appellant's issues are waived, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/8/20</u>