J-S02029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAKEEM HAYES, | : | |
| | : | |
| Appellant | : | No. 264 EDA 2020 |

Appeal from the Judgment of Sentence Entered August 3, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0005649-2016.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                          Filed:May 6, 2021

Hakeem Hayes appeals from the judgment of sentence imposed following his guilty plea to robbery and other related offenses.  Upon review, we affirm.

This matter arises from the following circumstances.  On April 19, 2016, Hayes and co-defendant Marquise Astillero approached Marvin Smith ("the Complainant") outside a Chinese restaurant.  Hayes offered to give the Complainant an off-the-books taxi ride downtown.  At the time, he was driving a silver Chevy Impala.

Once the Complainant got in the vehicle, both Hayes and Astillero pointed guns at him, demanded his property, and said, "Give it up," and "Hurry up, you're moving too slow before I smoke you."  The Complainant gave them

his shirt, watch, shoes and money. The Complainant got out of the vehicle, and Hayes sped off.

Police were able to identify Hayes as a participant in the robbery. Upon searching his residence, they recovered keys to the Chevy Impala, the Complainant's clothing, and video from a cell phone of Hayes and Astillero in the vehicle two days after the robbery. Hayes had a prior conviction for possession with intent to deliver firearms which prohibited him from carrying a firearm. He also did not have a license to carry a firearm. Hayes was arrested and charged

On May 22, 2017, Hayes pled guilty to robbery, conspiracy, possession of an instrument of a crime (PIC), terroristic threats, and several firearm charges.[1] On August 3, 2017, the trial court sentenced Hayes to an aggregate sentence of 11 to 23 years of incarceration followed by 5 years of probation. Hayes filed a *pro se* motion for reconsideration of his sentence, which was denied by operation of law on March 2, 2018. Hayes did not file a direct appeal.

On January 9, 2020, following a petition under the Post-Conviction Relief Act,[2] the court reinstated Hayes' direct appeal rights. Hayes filed this timely appeal. Hayes and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903, 907(a), 2706(a)(1), 6105, 6106, and 6108.

[2] ***See*** 42 Pa.C.S.A. §§ 9541-46.

On appeal, Hayes raises the following single issue:

Whether the [c]ourt erred in denying the [m]otion to [r]econsider as the sentence imposed was unreasonable and manifestly excessive.

Hayes' Brief at 8.

Hayes challenges the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

(1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

In his 2119(f) statement, Hayes claims that the trial court abused its discretion. Specifically, he argues that the trial court imposed a manifestly excessive sentence and did not adequately consider various mitigating factors and his rehabilitative needs. Upon review of the record, we observe that Hayes satisfied the first and third requirements under *Colon.* However, he

- 3 -

failed to satisfy the second requirement. Although Hayes filed a motion for reconsideration of his sentence, he did not state any particular reason why the trial court erred. Hayes did not state that the sentence was excessive or cite any specific defect with his sentence or failure on the part of the trial court to comply with the Sentencing Code. Instead, Hayes only expressed that he was remorseful and wanted to try again. The motion did not state a challenge to the discretionary aspects of sentencing "with specificity and particularity" as is required by Pa.R.Crim.P. 720(b)(10(a). We therefore are compelled to find that Hayes failed to preserve his sentencing claim for our review.[3]

However, even if Hayes preserved his sentencing claim and raised a substantial question, we would conclude that the trial court did not commit a manifest abuse of discretion in imposing Hayes' sentence and would affirm the trial court's judgment of sentence.

From our review of the sentencing transcript, contrary to Hayes' claim, it is evident that the trial court considered the circumstances of Hayes' life,

---

[3] We acknowledge that Hayes represented himself at this point in his case. However,

> a pro se litigant . . . is not entitled to any particular advantage because he lacks legal training. ... [A]ny layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

*Satiro v. Maninno*, 237 A.3d 1145, 1151 (Pa. Super. 2020) (quoting *Commonwealth v. Rivera*, 685 A.2d 1011 (Pa. Super. 1996)).

relevant mitigating factors, and rehabilitative needs in fashioning its sentence. We first note that the trial court had the benefit of a pre-sentence investigation report (PSI). "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

Additionally, Hayes' counsel highlighted for the trial court some of the pertinent factors from the report, especially the difficult home and family life Hayes had as a child. The court heard from Hayes himself, who expressed remorse for his conduct, and told the court he wanted to provide a different kind of life for his children than he had.

The court recognized that Hayes' guilty plea indicated a willingness to accept responsibility and desire to rehabilitate. It further acknowledged Hayes' young age and that he had time to turn his life around.

However, the trial court underscored that Hayes' pre-sentence report indicated:

> Hayes had been continuously supervised on probation, parole, incarcerated or committed to a placement facility since the age of 15. He is now 25. And then the investigator goes on to say that things that happened to him in his early childhood left him without the necessary life skills or self-control to adequately function outside of a controlled secure environment. He seems incapable of learning from past experiences.

N.T. 8/3/17, at 7-8.  The report also stated that, Hayes "is at significant risk for incurring future offenses and for violating whatever conditions will be imposed by the [c]ourt."  *Id.* at 8.  In light of these statements, and Hayes' offense, the court felt compelled to impose consecutive sentences of incarceration.  *See* Trial Court Opinion, 7/23/20, at 9.

Notwithstanding this, the court did not impose the Commonwealth's recommended sentence of 13 1/2 to 27 years.  Instead, the trial court imposed a sentence at the bottom of the mitigated range for each offense of robbery, possession by a prohibited person, carrying without a license, and conspiracy.  The court sentenced Hayes to probation or gave no further penalty on the remaining offenses.

In conclusion, it is evident that the trial court thoughtfully considered all of the relevant sentencing factors, including the mitigating factors given the circumstances of Hayes' life, and his rehabilitative needs.  We therefore would find that the trial court did not commit a manifest abuse of discretion in rendering Hayes' sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/21