J-S12028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER R. HALL | : | |
| | : | |
| Appellant | : | No. 1816 EDA 2021 |

Appeal from the PCRA Order Entered May 6, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CP-0001786-2018

BEFORE:  BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 28, 2022**

Christopher R. Hall appeals *pro se* from the order denying his petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

On January 10, 2018, Appellant was apprehended outside of a hotel in Montgomery County on an outstanding aggravated assault warrant.  **See** N.T. Guilty Plea Hearing – Vol. 1, 6/6/19, at 32.  While clearing the hotel room in which Appellant had been staying, police officers and U.S. Marshalls observed drug paraphernalia and smelled burnt marijuana.  The officer obtained a search warrant for the room where they recovered a stolen and operable .380 Smith & Wesson firearm, approximately thirteen pounds of marijuana, packaging materials, and various personal items belonging to Appellant.  **Id**. at 32-33.  Appellant was arrested and charged with possessing the firearm, possession with intent to deliver ("PWID") marijuana, and related charges.

Appellant entered a negotiated guilty plea to person not to possess a firearm and PWID. *Id*. at 4, 16-18. In exchange for his plea, the Commonwealth withdrew the remaining charges and agreed to an aggregate sentence of four to eight years of incarceration. *Id*. at 19; *see also* N.T. Guilty Plea Hearing – Vol. 2, 6/10/19, at 10, 57-58. At the hearing, Appellant admitted that he was planning to distribute the marijuana to others and that he had a prior conviction that prohibited him from possessing or owning any firearms. N.T. Guilty Plea Hearing – Vol. 1, 6/6/19, at 32-33. The trial court accepted the plea and entered the negotiated sentence. Appellant did not file a post-sentence motion or a direct appeal.

Appellant filed a timely *pro se* PCRA petition, raising multiple claims of trial counsel ineffectiveness for failing to file pretrial motions, advising him to take the plea deal, and for failing to interview the police officers and detectives involved in the execution of the search warrant. *See* PCRA petition, 3/19/20, at 3-13. The PCRA court appointed counsel. However, Appellant requested to proceed *pro se* and was allowed to do so following a *Grazier* hearing. *See* Order, 8/3/20; *see also Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). The Commonwealth filed an answer to Appellant's PCRA petition and Appellant filed a response. Afterwards, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing. Appellant filed a response to the Rule 907 notice. On May 6, 2021, the PCRA court dismissed the petition after reviewing Appellant's response. This timely

appeal followed.[1]   The PCRA court and Appellant both complied with the mandates of Pa.R.A.P. 1925(b).

Appellant raises eight issues, which we have reordered for ease of review:

> 1.     Did the PCRA court commit reversible error, by denying [Appellant's] PCRA without a hearing, where the police conducted a search through a[n] affidavit with material misstatements, knowingly, and deliberately, in violation as a matter of law, pursuant to the [Fourth] amendment, and state and federal statutes?
>
> 2.     Did the PCRA court commit reversible error by not issuing a[n] evidentiary hearing, when information in the affidavit was later determined to be demonstrably untrue?
>
> 3.     Did the PCRA court commit reversible error by not evaluating counsels[sic] stewardship, and unprofessional errors, and if such errors became prejudice to [Appellant]?
>
> 4.     Did the PCRA court commit reversible error, as a matter of law, wherefore the Fourth Amendment entitles [Appellant] to a[n] evidentiary hearing to show the warrant was invalid, and reconsidering, incorporating omitted material facts added by affiant, and determining whether probable cause existed nevertheless?
>
> 5.     Did the PCRA court commit reversible error, by not invalidating a warrant and the fruits of the search that were obtained by deliberate misstatements, and these statements were necessary to the finding of probable cause and/or reconstructing the warrant, and whether the remaining content of the affidavit was sufficient for probable cause?

---

[1]  The only document received within the thirty-day period was a document styled as a concise statement wherein Appellant listed nine issues he wished to raise on appeal.  Despite its incorrect styling, we construed the document as a notice of appeal and remanded for a PCRA court opinion, since the text of the concise statement undoubtedly should have put the court and the Clerk on notice that Appellant intended to appeal.

6. Did the lower court commit reversible error by adding plea arrangement to a pending sentence, without a[n] oral colloqu[y], and/or written colloqu[y], describing A. "Sentencing Scheme" (quoting sentencing transcripts)?

7. Was trial counsel constitutional[ly] ineffective in failing to move to suppress misrepresentation inside of a[n] affidavit?

8. Was trial counsel constitutional[ly] ineffective in failing to investigate, question, and/or attempt to recover hotel video which undermin[e]d, the affidavit?

*See* Appellant's brief at 4-5.

We begin with a discussion of the pertinent legal principles. Our "review is limited to the findings of the PCRA court and the evidence of record," and we do not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." *Commonwealth v. Diggs*, 220 A.3d 1112, 1116 (Pa.Super. 2019). Similarly, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." *Id*. "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." *Id*. "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

From the outset, we note that Appellant's brief falls below the standards delineated in our Rules of Appellate Procedure. Appellant's brief does not contain a statement of jurisdiction, in violation of Pa.R.A.P. 2111. Moreover,

Appellant asserts eight questions for this Court's review, however his argument section only contains three argument sections. Indeed, Appellant's argument section fails to even mention questions four through eight. **See** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as here are questions to be argued; and shall have at the head of each part – in distinctive type or in type distinctively displayed – the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"). This Court could quash or dismiss this appeal due to Appellant's failure to comply with the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2101. However, because we can discern three arguments contained within the brief, we decline to dismiss the appeal. **See Kern v. Kern**, 892 A.2d 1, 6 (Pa.Super. 2005) ("[A]s a practical matter, this Court [dismisses] appeals for failure to conform to the Rules of Appellate Procedure only where the failure to conform to the Rules results in the inability of this Court to discern the issues argued on appeal."). Nevertheless, for the reasons stated below, Appellant's three issues do not establish a basis for relief.

To be eligible for relief, a petitioner must establish by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated defects found in 42 Pa.C.S. § 9543(a)(2)[2], and that the

_____

[2] That statute provides as follows:

**§ 9543. Eligibility for relief**
*(Footnote Continued Next Page)*

---

**(a) General rule**. – To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

. . . .

(2) That the conviction or sentence resulted from one or more of the following:

(i) a violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserve din the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

*(Footnote Continued Next Page)*

allegation has not been previously litigated or waived. ***See*** 42 Pa.C.S. § 9543(a)(3). A claim is previously litigated under the PCRA if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. ***See*** 42 Pa.C.S. § 9544(a)(2). An allegation is deemed waived "if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S. § 9544(b).

Appellant's first two issues raise direct challenges to the affidavit of probable cause underlying the search warrant. ***See*** Appellant's brief at 9-22 (challenging the initial protective sweep of the hotel room and the validity of the information contained within the affidavit of probable cause). However, Appellant did not pursue a suppression motion in the trial court. Instead, he elected to plead guilty. ***See Commonwealth v. Singleton***, 169 A.3d 79, 81 (Pa.Super. 2017) ("a plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses and waives the right to challenge anything but the legality of the sentence and the validity of the plea"). Furthermore, Appellant did not file a direct appeal. Accordingly, the PCRA court found that Appellant waived these claims since these issues could have been raised by Appellant previously. ***See*** PCRA Court Supplemental Opinion, 7/8/22, at 4-5. We agree.

_____

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

- 7 -

It is beyond cavil that claims available before trial, at trial, or on direct appeal are waived for purposes of PCRA review and this waiver cannot be overcome, absent a full, layered ineffectiveness of counsel analysis. *See Commonwealth v. Brown*, 872 A.2d 1139, 1146-48 (Pa. 2005) (stating that claims available on direct appeal are waived for purposes of PCRA review and this waiver cannot be overcome, absent a full, layered ineffectiveness of counsel analysis). Appellant pled guilty and did not pursue a direct appeal but has not couched his first two issues as ineffectiveness of counsel claims. Accordingly, those claims are waived. *see* 42 Pa.C.S. § 9544(b).

Appellant's sole remaining issue concerns an allegation of trial counsel's ineffectiveness for "unprofessional errors." *See* Appellant's brief at 23. "Claims of ineffective assistance of counsel are not self-proving." *Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002). Instead, counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *See Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, a petitioner must plead and prove that: (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. *Id*. The failure to establish any of the three prongs is fatal to the claim. *Id*. at 113; *see also Commonwealth v. Bracey*, 795 A.2d 935, 940 n.4 (Pa. 2001) ("[A]n undeveloped argument, which fails to meaningfully discuss and apply

- 8 -

the standard governing the review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to any relief.").

Herein, Appellant contends that counsel "made zero attempts to suppress evidence illegal[ly] obtained," failed to "interview witnesses, to determine which, if any, could aid in [Appellant's] defense," and "to apprise him of the essential facts necessary to advise effectively regarding a plea." Appellant's brief at 23-24. Throughout this section Appellant also proclaims his innocence and baldly asserts that the evidence was insufficient to sustain his conviction. *Id*. at 25-28.

Upon review of Appellant's brief, we are constrained to conclude that he has not developed any of the three prongs necessary to establish an ineffectiveness claim. Indeed, Appellant has failed to develop legal argument in support of his claim of ineffective assistance beyond the allegations set forth above. He presented scant argument concerning whether trial counsel had a reasonable basis for pursuing a plea arrangement in lieu of a suppression motion, identified no potential witnesses, and neglected to identify the "essential facts" counsel purportedly withheld. Instead, Appellant devotes this entire section of his brief to asserting his innocence and making broad legal conclusions without any factual or legal support.[3] Accordingly, we conclude

---

[3] To the extent that Appellant presented argument concerning counsel's alleged failure to seek suppression because the affidavit contained false information, we reject the assertion for the same reason explained in the PCRA *(Footnote Continued Next Page)*

that Appellant has failed to establish his claim that trial counsel was ineffective, and we discern no error on the part of the PCRA court in denying relief on this basis.[4] *See* Trial Court Supplemental Opinion, 7/8/22, at 6-7.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2022

_____

court's supplemental opinion. *See* PCRA Court Supplemental Opinion, 7/8/22, at 7 ("the alleged misstatements did not invalidate the lawful reasons why law enforcement were in the hotel room when they made plain view observations of contraband.").

[4] We observe that Appellant is proceeding in this appeal without the benefit of legal representation. However, Appellant is not entitled to any particular advantage because he lacks legal training. Any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of legal expertise will prove his undoing. *See Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa.Super. 1996) (observing that *pro se* status does not confer any specific benefit to litigant or compel the court to become counsel for a party).