J-S37033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JUSTIN ROSE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIZABETH ROSE N/K/A ELIZABETH | : | |
| BLAUKOVITCH | : | |
| | : | No. 1562 EDA 2022 |
| | : | |
| APPEAL OF: JAMES E. ROSE JR. | : | |

Appeal from the Order Entered June 8, 2022
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2013-FC-1269

BEFORE:  BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 30, 2022**

Appellant, James E. Rose, Jr., appeals *pro se* from the order entered on June 8, 2022 that denied his motion for visitation rights on grounds that Appellant, paternal grandfather to L.G.R.[1] (a female born March, 2011) (Child), lacked standing to seek physical custody, legal custody, partial physical custody, or supervised physical custody of Child.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On August 22, 2018, the trial court entered a final custody order regarding Child, granting shared legal and physical custody to Justin Rose (Father) and Elizabeth Rose n/k/a Elizabeth Blaukovitch (Mother).  On February 4, 2022, Appellant filed a *pro se* motion for grandparent visitation

---

[1]  We will refer to the minor involved in this case by her initials or as "Child" to protect her identity.

rights. Following a remote video hearing held on June 8, 2022, the trial court entered an order denying relief after determining that Appellant lacked standing. On June 9, 2022, Appellant filed a timely *pro se* notice of appeal. On June 13, 2022, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on July 5, 2022. On July 22, 2022, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a). In its opinion, the trial court initially determined that Appellant waived all of his issues on appeal because his Rule 1925(b) statement, which raised 110 allegations of error, was not concise. Alternatively, the trial court relied upon the reasons it expressed at the June 8, 2022 hearing as ground for denying relief.

Initially, we note that Appellant's *pro se* brief to this Court is woefully undeveloped. This Court has previously determined:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101.

> This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **Id.**; **Commonwealth v. Lyons**, 833 A.2d 245 (Pa. Super. 2003). Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. **Id.** at 252. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing. **Commonwealth v. Rivera**, 685 A.2d 1011 (Pa. Super. 1996).

> The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief as follows:

>> Rule 2111. Brief of the Appellant

(a) General Rule. The brief of the appellant, except as otherwise prescribed by these rules, **shall** consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Statement of both the scope of review and the standard of review.

(3) Order or other determination in question.

(4) Statement of the question involved.

(5) Statement of the case.

(6) Summary of the argument.

(7) Argument for the appellant.

(8) A short conclusion stating the precise relief sought.

(9) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(10) In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.

Pa.R.A.P. 2111(a)(1)-(10) (emphasis added). Additionally, Rules 2114 through 2119 specify in greater detail the material to be included in briefs on appeal. *See* Pa.R.A.P. 2114-2119.

*Commonwealth v. Adams*, 882 A.2d 496, 497–498 (Pa. Super. 2005).

Moreover, this Court has stated:

Parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will permit. Pa.R.A.P. 2101. Rules 2111 and 2114 through 2119 detail the specific requirements relevant to the brief of an appellant. Of particular importance is the provision of Rule 2119(a) that a brief must contain a developed argument augmented by citation to pertinent authorities. Arguments not appropriately developed are waived. It is not the duty of the

Superior Court to act as an appellant's counsel, and it is an appellant's responsibility to establish both the purported errors and any entitlement to relief therefrom.

*Commonwealth v. Love*, 896 A.2d 1276, 1287 (Pa. Super. 2006) (some citations omitted).

Here, Appellant's appellate brief is a diatribe that enumerates 97 stream-of-conscience bullet points. Of all of the above-cited appellate rules, Appellant only complied with the directives to file a copy of the trial court opinion and provide a short conclusion stating the relief sought. Appellant, however, failed to include a statement of jurisdiction, statement of scope and standard of review, statement of questions involved, statement of the case, an argument or summary of the argument, or a copy of his Rule 1925(b) concise statement and order in question in his appellate brief. Moreover, Appellant's brief contains no citations to authority and makes no specific reference to the certified record. *See* Pa.R.A.P. 2119(b)-(c). On these bases, we could quash or dismiss Appellant's appeal for failure to comply with our Rules of Appellate Procedure. *See* Pa.R.A.P. 2101.

Moreover, this Court has previously determined that

issues not raised in a Rule 1925(b) statement will be deemed waived for review. An appellant's concise statement must properly specify the error to be addressed on appeal. In other words, the Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal.

A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. The court's review and legal analysis can be fatally impaired when the court has to guess at the issues

- 4 -

raised. Thus, if a concise statement is too vague, the court may find waiver.

***Commonwealth v. Scott***, 212 A.3d 1094, 1112 (Pa. Super. 2019) (internal citations, quotations and brackets omitted). Here, the trial court determined that Appellant's Rule 1925(b) statement was vague instead of concise and, therefore, concluded Appellant waived all of his appellate issues. We could dismiss Appellant's appeal on this basis, as well.

However, after our review of the certified record, Appellant's *pro se* brief and applicable law, we conclude that Appellant is not entitled to relief for the reasons that follow. As gleaned from Appellant's brief, Appellant alleges that he has a strained relationship with his son, Father. Essentially, Appellant claims that Father falsely accused Appellant of being a criminal, threatened to sue Appellant in federal court, and used Child "as a pawn to punish [] Appellant." ***See*** Appellant's Pro Se Brief at ¶¶ 5-7, 12, and 80. Baldly referencing the 14th Amendment to the United States Constitution and the Equal Protection Clause, Appellant claims he was not afforded the same rights of visitation that maternal grandparents were given because he is black, and they are white. ***Id.*** at ¶¶ 2, 12-15, 22-26, 78, 82, and 89.

"[A]ppellate courts possess a broad scope of review in partial custody and visitation cases, [but] they may not, and in fact cannot, substitute their own findings of fact with respect to the parties' emotional feelings and attitudes towards one another." ***Com. ex rel. Zaffarano v. Genaro***, 455 A.2d 1180, 1183 (Pa. 1983). "[G]randparents bear the burden of proving to

the court that it would be in their grandchild's best interest for the grandparents to have custody of the child away from his or her parent for limited periods of time." *Id.* Our Supreme Court has determined:

> Our scope of review in a custody matter is of the broadest type, and we are not bound by deductions or inferences made by a trial court.... We must exercise an independent judgment based on the evidence and make such an order on the merits of the case as right and justice dictate.

*Id.* (citation omitted).

> This Court has previously determined:
>
> Well-settled Pennsylvania law provides that persons other than a child's biological or natural parents are third parties for purposes of custody disputes. In addition, natural parents have a *prima facie* right to custody. Except via dependency proceedings, third parties lack standing to seek custody as against the natural parents unless they can demonstrate a *prima facie* right to custody. Even when standing to seek custody is conferred upon a third party, the natural parent has a *prima facie* right to custody, which will be forfeited only if clear and convincing reasons appear that the child's best interest will be served by an award to the third party. Thus, even before the proceedings start, the evidentiary scale is tipped, and tipped hard to the biological parents' side.
>
> There is a stringent test for standing in third-party suits for... custody due to the respect for the traditionally strong right of parents to raise their children as they see fit. The courts generally find standing in third-party visitation and custody cases only where the legislature specifically authorizes the cause of action. A third party has been permitted to maintain an action for custody, however, where that party stands *in loco parentis* to the child.
>
> * * *
>
> The phrase *in loco parentis* refers to a person who puts oneself in the situation of a lawful parent by assuming the obligations incident to the parental relationship without going through the

formality of a legal adoption.... The third party in this type of relationship, however, cannot place himself *in loco parentis* in defiance of the parents' wishes and the parent/child relationship. This Court has also specifically stated:

> An important factor in determining whether a third party has standing is whether the third party lived with the child and the natural parent in a family setting, irrespective of its traditional or nontraditional composition, and developed a relationship with the child as a result of the participation and acquiescence of the natural parent.

In other words, a third party may not intervene and assume *in loco parentis* status where the natural parent opposes such intervention.

*J.F. v. D.B.*, 897 A.2d 1261, 1273–1274 (Pa. Super. 2006) (internal citations, quotations, brackets omitted).

Pursuant to 23 Pa.C.S.A. § 5324, the following individuals are eligible to exercise standing to file an action for any form of physical or legal custody:

> (3) A grandparent of the child who is not in *loco parentis* to the child:
>
>> (i) whose relationship with the child began either with the consent of a parent of the child or under a court order;
>>
>> (ii) who assumes or is willing to assume responsibility for the child; and
>>
>> (iii) when one of the following conditions is met:
>>
>>> (A) the child has been determined to be a dependent child[;]
>>>
>>> (B) the child is substantially at risk due to parental abuse, neglect, drug or alcohol abuse or incapacity; or
>>>
>>> (C) the child has, for a period of at least 12 consecutive months, resided with the grandparent, excluding brief temporary absences of the child from the home, and is removed from the home by the parents, in which case

the action must be filed within six months after the removal of the child from the home.

23 Pa.C.S.A. § 5324(3).

Moreover,

[i]n addition to situations set forth in [S]ection 5324 (relating to standing for any form of physical custody or legal custody), grandparents and great-grandparents may file an action under [Section 5325] for partial physical custody or supervised physical custody in the following situations:

(1) where the parent of the child is deceased, a parent or grandparent of the deceased parent may file an action under this section;

(2) where the relationship with the child began either with the consent of a parent of the child or under a court order and where the parents of the child:

 (i) have commenced a proceeding for custody; and

 (ii) do not agree as to whether the grandparents or great-grandparents should have custody under this section; or

(3) when the child has, for a period of at least 12 consecutive months, resided with the grandparent or great-grandparent, excluding brief temporary absences of the child from the home, and is removed from the home by the parents, an action must be filed within six months after the removal of the child from the home.

23 Pa.C.S.A. § 5325.

Here, the trial court determined that pursuant to Section 5324, Appellant failed to establish that Child had been adjudicated dependent, at risk of abuse or neglect, and/or that Child ever resided with Appellant. *See* N.T., 6/8/22, at 4. Father testified that the last time Appellant saw Child was "around Christmas time when she was about 10 months old" and that Child

had no meaningful recollection of Appellant. *Id.* at 7. Additionally, neither Mother nor Father is deceased, Appellant does not stand *in loco parentis*, and both parents testified at the June 8, 2022 hearing that they did not consent to an order of visitation for Appellant. *Id.* at 5-8. Moreover, when the trial court denied Appellant's request for visitation based upon his lack of standing, Appellant replied, "if they say they don't want me to see their daughter, well, it breaks my heart, but I'll honor their wishes." *Id.* at 11. Currently, Appellant does not contest the trial court's finding that he lacks standing pursuant to Sections 5324 and 5325, as set forth above. Finally, Appellant's challenges to the credibility of Father and Mother are not supported by the record and rest largely on matters wholly irrelevant to Child's custody.

We note, in closing, that Appellant raises an equal protection argument for the first time on appeal. "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Regardless, the Equal Protection Clause provides that "[n]o State shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. "The essence of the constitutional principle of equal protection under the law is that like persons in like circumstances will be treated similarly." *Curtis v. Kline*, 666 A.2d 265, 267 (Pa. 1995). "Equal protection analysis requires that we find state action that denies a person 'equal protection of the laws' because it constrains only the actions of the State not of private persons." *Uniontown Newspapers, Inc. v. Roberts*, 839 A.2d 185, 200 (Pa. 2003), *citing* U.S. Const. Amend. XIV, § 1, cl. 4.

Appellant cannot assert equal protection claims against Father or Mother since such claims lack the essential component of state action. Moreover, in determining that Appellant did not meet the threshold to establish standing under Sections 5324 and 5325, as set forth above, the trial court neither considered Appellant's race nor compared Appellant's claim or status to Child's maternal grandparents.[2]

Accordingly, based upon our standard of review and our examination of the certified record and applicable law, we discern no abuse of discretion or error of law by the trial court's denial of Appellant's request for visitation of Child.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2022

---

[2] The trial court held a hearing on Appellant's motion for visitation, so Appellant had notice and an opportunity to be heard and there is no viable claim that he was denied due process of law. Moreover, from our review of the certified record, there have been no filings, orders, or trial court decisions regarding visitation by Child's maternal grandparents. Mother and Father did not testify regarding the relationship between Child and her maternal grandparents at the hearing on Appellant's request for visitation. As such, there is no record evidence that Appellant was treated differently under the law than "persons in like circumstances."