J-S39030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JA NEENE B. ASHFORD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STANLEY E. BURTON | : | |
| | : | |
| Appellant | : | No. 730 MDA 2022 |

Appeal from the Order Entered April 14, 2022
In the Court of Common Pleas of York County Domestic Relations at
No(s):  01517 SA 2021,
PACSES No. 660116583

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: DECEMBER 19, 2022**

Stanley E. Burton (Father) appeals *pro se* from the order, dated April 8, 2022, and entered on April 14, 2022, requiring him to pay child support to Ja Neene B. Ashford (Mother) for the support of the parties' son, S.E.B., Jr. (Child).  After review, we quash this appeal.

Based upon Father's and Mother's monthly net incomes, the trial court's order directed Father to pay child support in the amount of $510.38 per month plus $60.00 per month in arrears.  Father appealed from this order; however, Father's brief does not comply with the Rules of Appellate Procedure.

Our determination is based on Rule 2101, which states:

Briefs … shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief … of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101. Moreover, the brief does not contain most of the items listed in Rule 2111.[1] In fact, the cover of Father's brief provides no indication as to the parties, the court appealed from or the order from which this appeal derived. The cover page of Father's brief merely states:

1. Statement of the case of the facts.

_____

[1] Rule 2111 provides:

**Rule 2111. Brief of the Appellant**

(a) **General rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matter, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.
(2) Order or other determination in question.
(3) Statement of both the scope of review and the standard of review.
(4) Statement of the questions involved.
(5) Statement of the case.
(6) Summary of argument.
(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.
(8) Argument for appellant.
(9) A short conclusion stating the precise relief sought.
(10) The opinion and pleadings specified in paragraphs (b) and (c) of this rule.
(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.
(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111.

- 2 -

2. Summary of the Argument.
3. Standard of Review.
4. My Argument.

Additionally, we note that other than attaching a copy of the trial court's opinion, Father's brief contains only four pages, each setting forth one paragraph with no title to indicate which item listed in Rule 2111 is addressed on that page. Even if we would attach the items listed on the cover sheet, noted above, to the statements contained on each of the four pages, we are unable to discern what Father is arguing regarding his duty to provide support for his son.

Our review of Father's brief evinces an almost complete failure to comply with the Pennsylvania Rules of Appellate Procedure. In fact,

> we highlight the lack of a statement of questions presented. As this Court noted in **Commonwealth v. Maris**, the omission of a statement of questions presented is "particularly grievous since the statement … defines the specific issues this [C]ourt is asked to review." … 629 A.2d 1014, 1016 … ([Pa. Super.] 1993). When the omission of the statement of questions presented is combined with the lack of any organized and developed arguments, it becomes clear that [the] appellant's brief is insufficient to allow us to conduct meaningful judicial review. **See id.**

**Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa. Super. 1996). Moreover, "[w]hile this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant, we note that [the] appellant is not entitled to any particular advantage because [he] lacks legal training." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942 (Pa. Super. 2006) (quoting **Commonwealth v. Rivera**, 685 A.2d 1011 (Pa. Super. 1996)). Furthermore, "any layperson choosing to

represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." **Id.** As this Court stated in **Branch Bank**, "we decline to become the appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." **Id.** (quoting **Commonwealth v. Sanford**, 445 A.2d 149, 150 (Pa. Super. 1982)).

Accordingly, in light of the many defects in Father's brief, which prevent us from conducting a meaningful review, we are compelled to quash his appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2022